## Thomas Moore v. The State.

### No. 3159. Decided April 25, 1906.

**1.—Murder in Second Degree—Special Venire—Statutes Construed—Talesmen Jury Commissioners.**

The Act of the Twenty-ninth Legislature, page 17, amending the special venire law, added articles 3159a and 3175a to the Revised Civil Statutes, and article 647a to the Code of Criminal Procedure, and does not in any manner conflict with the previous law in regard to petit jurors drawn for service during the ensuing term; the only change in this respect is that it requires the jury commissioners to draw what is termed in this act a special venire list, which is an additional list of names to serve on special venires exclusively; and these cannot be called into service until the jurors summoned for regular service have been exhausted either by serving one week in the district court as petit jurors and one on the special venire or twice on special venires; when this has been done it is provided that the clerk shall then resort to special venire jurors from the list selected specially for that purpose; the act requiring the exhaustion of the regular petit jurors before resorting to those specially drawn for special venire service as talesmen.

**2.—Same—Jury and Jury Law—Special Venire—Judge.**

Where upon a trial for murder a special venire of sixty men was ordered and drawn from the regular jury drawn for said term by the jury commissioners at a previous term, and the venire facias placed in the hands of the sheriff, and after about forty-five of the said jurors had been summoned, the court of its own volition ordered this venire quashed, summoned three commissioners and had them draw a list of one hundred and thirty-five names from which the jury was selected which tried defendant; appellant not being present when the matters occurred, but when afterwards asked if he had any objections to said commissioners, replied in the negative; the Act of the Twenty-ninth Legislature amending the law of drawing special venires, having gone into effect after the regular jurors for said term had been drawn; the court explaining that these venire-men had threatened to claim their exemption. Held, that the action of the court in quashing said venire was error.

**3.—Same—Disqualification of Jurors—Mistake of Clerk.**

The provision of the jury law which provides that the clerk shall prevent the drawing of the names more than twice does not per se disqualify the jurors, although the clerk may have overlooked the law, or committed a mistake in drawing the names; the jurors could claim their exemption if erroneously summoned, but the court can not in advance exclude the entire list, or any number of jurors on the list, on account of the mistake of the clerk, or that they had been previously twice summoned.

**4.—Same—Query.**

See opinion of court for questions not decided if an objection had been raised by defendant to the venire, or if the jurors had claimed their exemption.

Appeal from the District Court of Harrison. Tried below before Hon. Richard B. Levy.

Appeal from a conviction of murder in the second degree; penalty, thirty years imprisonment in the penitentiary.

The opinion states the case.

*Scott & Jones,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The conviction was for murder in the second degree.

On the 5th of September appellant was brought into court, a special venire of sixty men ordered and drawn; the venire facias issued, was placed in the hands of the sheriff, and the case set for September 19th. About forty-five of the jurors had been summoned by the sheriff when the court of its own volition ordered this venire quashed, summoned three commissioners, and had them draw a list of one hundred and thirty-five names, from which the jury was selected which tried defendant. The names of the first venire ordered were drawn from the regular jury summoned for the weeks of the August term of the court. These jurors (to the number of one hundred and eighty) had been drawn by the jury commissioners at the previous term of the court to serve for the ensuing August term: the term at which appellant was convicted. On September 12, in another venire case, a motion was made to quash the special venire on the ground that the

jurors for the week for the August term had served on more than two venires during the term. It is further made to appear that there were several venire cases to be tried at the August term of the court, and that the veniremen had appeared in obedience to the summons in more than two of said cases at the term at which appellant was tried, and it sufficiently appeared to the trial court that these veniremen had threatened to claim and would claim their exemption from service on other venires. · The court held that the jurors summoned for service for the August term of the court could not legally be drawn under the Act of the Twenty-ninth Legislature on more than two special venires, "as they would likely claim their exemption." After reaching this conclusion, the court then directed the sheriff to return the venire facias in appellant's case as well as in another case against Smith, without serving the remainder of the jurors to be summoned on said list. Appellant was not present when these matters occurred. Before the jury commissioners were qualified by the court at the term at which appellant was tried, and before they had done any work, appellant was brought into court, and asked if he had any objection to said jury commissioners. The reply was in the negative. It seems that the jury commissioners for the previous term had properly drawn jurors for the August term, under the then existing law, between the two terms of court, the Act of the Twenty-ninth Legislature went into effect, which provides that in addition to the jurors summoned to do jury service for the different weeks of the term, there should be a special venire list also drawn to serve under certain circumstances in venire cases. This law will be found in the Acts of the Twenty-ninth Legislature, page 17. It added articles 3159a, 3175a, to the Revised Civil Statutes, and article 647a to the Code of Criminal Procedure. After setting out the manner by which the jury commissioners should select a list of jurors for special venire service in case they are needed, it provides that after the petit jurors for the term have served one week they can be drawn on a venire one time during said term; and that no citizen who has served as a petit juror for one week during any term of court shall during said term be compelled to answer summons to more than one special venire facias. Nor shall any citizen be compelled to answer summons to a special venire more than twice during any one term of the court. Article 647a, Code Criminal Procedure, provides: "Whenever the names of the persons selected by the jury commissioners to do jury service for the term shall have been drawn one time to answer summons to a venire facias, then the names of the persons selected by the said commissioners, and which form the special venire list, shall be placed upon tickets of similar size and color of paper and the tickets placed in a box and well shaken up and from this box the clerk, in the presence of the judge, in open court, shall draw the number of names required for further venire service, and shall prepare a list of such names in the order in which they are drawn from the box and attach such list to the writ and de-

liver the same to the sheriff; and it shall furthermore be the duty of the clerk, and he shall prevent the name of any person from appearing more than twice on all of such lists." As before stated, this act went into effect after the jury commissioners had drawn jurors for service for the August term. It will be observed that the law passed by the Twenty-ninth Legislature does not in any manner conflict with the previous law in regard to petit jurors drawn for service during the ensuing term. The only change in this respect is that it requires the jury commissioners to draw what is termed in this Act of the Twenty-ninth Legislature a special venire list. This is an additional list of names to serve on special venires exclusively, and these cannot be called into service until the jurors summoned for regular service have been exhausted under the terms of the act, either by serving one week in the district court as petit jurors and once on the special venire, or twice on special venires. When this has been done, it is provided that the clerk shall then resort to special venire jurors and the list selected specially for that purpose. In other words, it seems clearly the purpose of the Legislature to require the exhaustion of the petit jurors before resorting to those specially drawn for special venire service, and for the further purpose of using those jurors so specially drawn as talesmen. The clear purpose of this seems to be to use those jurors drawn specially for that purpose as talesmen, thus changing the law authorizing sheriffs to summons talesmen under the direction of the court. In other words, the list of jurors drawn as a special venire list shall be drawn by the jury commissioners and not summoned by the sheriff under the old statute, i.e., it intends to limit the jurors to be used during the court on petit and special venires to those drawn by jury commissioners, and to repeal the law which authorized the summoning of talesmen by the officers of the court under the direction of the court.

The question then arises, was the action of the court correct in setting aside the list drawn on September 5th, three-fourths of whom had been served, to attend as jurors to try appellant. In our opinion, this action of the court was error. The fact that the law says that these jurors shall not be compelled to serve on more than two venires, or upon one venire if they have served a week as petit jurors does not disqualify them. They may sit, unless they claim their exemption. The court cannot claim their exemption for them. Nor can he disqualify them from sitting in other cases. In discharging them from such service it must be done judicially, and the jurors upon claiming their exemption. They may have been willing to serve, and appellant may have been willing to select a jury from that list. Nor does the further provision of the law, which says that the clerk shall prevent the drawing of the names more than twice, disqualify the jurors. The fact that the clerk may overlook the law, or commit an error or a mistake, in drawing the names, will not disqualify the jurors. They can claim their exemption if erroneously summoned, and it would be

the duty of the court to stand them aside. But he cannot in advance exclude the entire list or any number of the list, because of the mistake of the clerk or by reason of the fact that they had been previously twice summoned. Such matters must be done in open court, when the exemption is claimed or the objection raised. These were competent jurors, drawn by the jury commissioners; they were not talesmen selected by the sheriff, nor ordered to be selected by the sheriff, but were drawn from the box in the usual way. We therefore hold, that the court was in error of his own motion in setting aside the venire facias, and in ordering a new list drawn from those selected by the jury commissioners appointed at the term of the court at which appellant was tried. If the jurors had appeared in obedience to the summons of the sheriff and claimed their exemption, and the court had then summoned or ordered summoned the venire as he did, we would have had a different question. But we are only deciding the question presented. It is also unnecessary to discuss what would have been the result had there been an objection raised by appellant, either to the array or to the jurors singly when presented for challenge. The point we decide is, that the court was in error in setting aside of his own volition in advance of the appearance of the jurors, the venire facias drawn and partially summoned. This is the only question we deem of sufficient importance to discuss.

For this error, the judgment is reversed and the cause remanded.

*Reversed and remanded.*