. JESSIE BRADLEY v. THE STATE.

No. 8008.   Decided October 24, 1923.

Rehearing granted November 28, 1923.

1.—Murder—Jury and Jury Law—List of Talesmen.

It is not required that the accused be served with a list of talesmen summoned to complete the jury, after a special venire is exhausted, and that he be given one day before being called on to pass on such talesmen. Following Foster v. State, 38 Texas Crim. Rep., 525, and other cases.

96 T. C.—6

2.—Same—Practice in Trial Court—Voir Dire Examination.

Where it was not shown by the bill of exceptions that any request was made for the retirement of those members of the jury panel, not yet called, or that anything transpired during the examination of said jurors which could have affected the fairness of appellant's trial, there was no reversible error.

3.—Same—Continuance—Want of Diligence.

Where the face of the application for continuance showed a want of diligence for process, the same was correctly overruled.

4.—Same—Rehearing—Jury and Jury Law—Special Venire.

For the error in placing the names of the special venire list in the box with those of the regular jurors for the term, before the latter had been one time drawn upon special venires, and in selecting the special venire from the aggregate of both the regular and special venire lists, the motion for rehearing must be granted, and the judgment reversed and the cause remanded. Following Moore v. State, 49 Texas Crim. Rep., 629.

Appeal from the District Court of Limestone. Tried below before the Honorable A. M. Blackmon.

Appeal from a conviction of murder; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Ira Lawley*, for appellant. Cited, cases in opinion.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Limestone County of murder, and his punishment fixed at twenty years in the penitentiary.

Without stating the facts at length they sufficiently show that on the occasion charged in the indictment appellant shot and killed Elisha Downie. The eyewitnesses all testified that Downie was trying to hide behind another man at the time, and that the shooting was with very little, if any, provocation or excuse.

Appellant filed a lengthy motion to quash the special venire which was overruled and the bill of exceptions taken to this action of the court is so qualified by the learned trial judge as to render the objections made by appellant of no avail. No new matters are presented and we deem it unnecessary to set out the contentions at length.

It is not required that the accused be served with a list of talesmen summoned to complete the jury, after a special venire is exhausted, and that he be given one day before being called on to pass on such talesmen. Dow v. State, 31 Texas Crim. Rep., 278; Foster v. State, 38 Texas Crim. Rep., 525.

This court has never held that it was reversible error to permit the members of the panel not yet examined to sit in the courtroom while the respective jurors were being tested on their *voir dire*. In the instant case the bill of exceptions does not show that any request was made for the retirement of those not yet called, nor is it made to appear that anything transpired during the examination of said jurors which could have affected the fairness of appellant's trial.

Appellant's bill of exceptions No. 1 complains of the refusal of his application for continuance. It appears that he was indicted September 14, 1922, and was then in jail where he remained until the case was called for trial January 24, 1923, and that no application for the issuance of process for any of his witnesses was made until the latter date. This was not diligence. Cox v. State, 43 Texas, 101; Holmes v. State, 38 Texas Crim. Rep., 370.

No error appearing in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

November 28, 1923.

LATTIMORE, JUDGE.—We do not think there was any error in overruling the application for continuance, nor that appellant is in position to claim injury because the day allowed him under Article 558 of our Code of Criminal Procedure in which to prepare for trial after the appointment of counsel, was not in fact given. In Brotherton v. State, 30 Texas Crim. App., 369, we held that portion of said article directing the allowance of one day's time to counsel appointed in capital cases, was not mandatory. The record in this case does not reflect any request for said allowance of one day's time, nor does the motion for new trial assert that such request had been made and denied appellant, nor does same attempt to show any way in which appellant was denied any statutory or constitutional right.

Appellant's bill of exceptions complaining of the court's denial of his motion to quash the special venire, presented many complaints each of which was explained by the learned trial judge in a manner that appeared satisfactory to us upon original consideration of this case. At the time the opinion was prepared there was no brief on file for appellant and we did not have the benefit of the views and personal knowledge of the questions raised by learned counsel appointed to represent appellant. An able brief was filed in this court a few days before the opinion was handed down but same escaped our attention. The agreed statement of the facts relative to and supporting the motion to quash the venire does not appear in the transcript, where it should be; but appears in the narrative statement of facts

of the case where it should not be, and for this reason perhaps the facts supporting the motion to quash the venire, were not before us. These facts are now considered in connection with the further contention of appellant on rehearing, that failure to quash the special venire in response to one ground of his motion, was error. It was set up in the motion that the special venire was not drawn according to law. It now appears from the statement of facts offered in support of said motion that the special venire in this case was drawn from a box in which had been placed the 144 names of the jurors summoned to do jury service for the four weeks of the jury docket for said term, and that in the box in addition to the names of said regular jurors there was also placed the names of 150 men composing the special venire list for said term. The learned trial judge evidently fell into error in concluding that the Act of the Thirty-sixth Legislature, Chapter 37, Acts Regular Session, enacted in 1919, required that the names of both the regular jurors and those composing the special venire list should be placed in such box and the special venire drawn therefrom. Said last named Act, the one of 1919, adds to the Code of Criminal Procedure of 1911 a new article to be known as Art. 660-a, which reads as follows:

"Whenever a special venire is ordered in counties not using the wheel system, and to which Article 660, Revised Code of Criminal Procedure of 1911 is not applicable, all the names of all the persons selected by the jury commissioners to do jury service for the term at which such venire is required shall be placed upon tickets of similar size and color of paper, and the tickets placed in a box and well shaken up; and from this box the clerk, in presence of the judge, in open court, shall draw the number of names required for such special venire, and shall prepare a list of such names in the order in which they are drawn from the box, and attach such list to the writ and deliver the same to the sheriff."

When taken by itself the language of this amendment seems to support the conclusion of the court below, but further examination reveals the fact that this is but a re-enactment of old Article 647 of our Code of Criminal Procedure as in force prior to 1911 when the newly codified Code of Criminal Procedure was adopted,—and prior to the Act of 1907 creating the jury wheel system for counties with cities which aggregated more than twenty thousand population. The Act of 1907 just referred to in terms repealed old Article 647 and created a new article of the same number applicable only to the selection of special venires under the jury wheel system in the larger counties. (See Chapter 139, General Laws, Regular Session 30th Legislature.) In 1905 and while old Article 647 was in force the Legislature had enacted present Article 661 which clearly evidenced the fact that in drawing special venires (in counties such as are not

now under the jury wheel system) same should be drawn from the names of the regular jurors for the term in the manner set out in then Article 647 (now new Art. 660-a, Acts of 1919), and that after said names of regular jurors had been one time drawn on special venires, then and only then should further special venires be drawn from the special venire list of jurors selected by the jury commissioners at the same time they drew the regular jurors for the term.

In Moore v. State, 49 Texas Crim. Rep., 629, handed down after the enactment of present Article 661 and before the repeal of old Article 647 in 1907,—and at a time when the law as made by the statutes was in exactly the same condition as it is since the act of 1919 put back into the body of our laws old Article 647, this court reversed the case for failure to draw the special venire out of the list of regular jurors whose names had not been drawn one time. In other words, this court reversed the Moore case when the law was in exactly the same condition as it is now for the failure of the officers in the District Court to first draw special venires out of the regular jury and because they proceeded to draw same out of the special venire list without having first drawn upon one special venire, the names of the regular jurors. We see no reason to doubt the correctness of the decision in the Moore case. We quoted it with approval in Harris v. State, 91 Texas Crim. Rep., 446, 241 S. W. Rep., 175. Johnson's case ·86 Texas Crim. Rep., 566, 218 S. W. Rep., 496, was decided after the repeal of old Art. 647 and before the Act of 1919 putting said article back into the body of our statute was enacted, but said opinion evidently proceeded on the assumption that the statute stood as when the Moore case was decided, and as the law now stands. Said case can be taken as an expression of the great jurist who wrote for this court upon a state of facts exactly similar to those now before us, under his view of the law, as it now is. We think its reasoning applies and that the same should be upheld.

For the error in placing the names of the special venire list in the box with those of the regular jurors for the term before the latter had been one time drawn upon special venires, and in selecting this special venire from the aggregate of both the regular and special venire lists, the motion for rehearing must be granted, the affirmance set aside, and the judgment reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*