JOHN LEE (ALIAS THOMAS LEE) v. THE STATE.

No. 8007. Decided March 5, 1924.

**1.—Murder—Special Venire—Statutes Construed.**

Under the statutes, as construed by this court on former occasions, it is imperative that before resorting to special venire list, the regular jury list be exhausted in the manner indicated by the statutes, article 660a and 661 C. C. P. Following Johnson v. State, 86 Texas Crim. Rep., 566, and other cases.

**2.—Same—Jury and Jury Law—Special Venire.**

Where, upon trial of murder, before drawing the venire in the instant case both lists to-wit: that of the regular jury and that of the general special venire were placed together in a box and therefrom were drawn forty names, the number demanded in the special venire in the instant case, thirteen of which were from the regular list for the jury and the remainder were from the special venire list of the week, the same was reversible error. Following Bradley v. State, 256 S. W. Rep., 292.

Appeal from the District Court of Limestone. Tried below before the Honorable A. M. Blackmon.

96 T. C.—40.

Appeal from a conviction of murder; penalty, imprisonment for life in the penitentiary.

The opinion states the case.

*Ira Lawley,* for appellant.—On question of special venire: Bradley v. State, 256 S. W. Rep., 292, and cases cited in opinion.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.—Cited cases in opinion, and confessed error.

MORROW, Presiding Judge.—The offense is murder; punishment fixed at confinement in the penitentiary for life.

A motion to quash the venire was overruled. Complaint is made of this in a bill of exceptions which reveals that for regular jury service there were selected and summoned 144 veniremen, and that for special venire service 150 persons were summoned. Before drawing the venire in the present case, the names in both of these lists were placed together in a box and therefrom were drawn the names of forty, that being the number demanded in the special venire. Of the forty names placed upon the special venire in the appellant's case, thirteen were from the regular jury list and the remainder were from the special venire list of 150. At the time that the appellant's venire was drawn from the 294 names including both lists, none of the names on the regular jury list had been drawn on any special venire. Under the statute as construed by this court on former occasions, it is imperative that before resorting to the special venire list of 150 names, the regular jury list be exhausted in the manner indicated in Arts. 660a and 661 of the C. C. P., See Acts of Leg., 1919, Chap. 37 in Vernon's Complete Statutes of Texas, 1920. Also Johnson v. State, 86 Texas Crim. Rep., 566; Moore v. State, 49 Texas Crim. Rep., 629; Bradley v. State, 96 Texas Crim. Rep., —, 256 S. W. Rep., 292.

The facts of the present case are practically identical with those in the Bradley case, supra. The trial of the appellant took place in the same court and at the same term as that in which Bradley was tried, and in drawing his special venire the same procedure took place as that described in the opinion of this court on motion for re-hearing in Bradley's case, in which this court found it necessary to order a reversal of the conviction for the reason that in selecting the special venire for the trial of the accused, there was a substantial departure from the method prescribed by the statute law of the State in that the special venire was drawn from a list which included the names of 150 persons who, at that time, by reason of the express terms of the statute, were not available for service upon the special venire in the case.

The decisions of this court are harmonious to the effect that the provisions of the statutes designating the persons from whom the special venire in capital cases shall be drawn, shall be followed. An inconsequential departure, when an absence of injury is shown, will not necessarily work a reversal. Cotton v. State, 86 Texas Crim. Rep., 390. In the present case, the failure to observe important provisions of the statute resulted in the drawing of the jury, which condemned the appellant to life imprisonment, from a list of men other than that designated by law. The State's attorney concedes that the error cannot be held harmless.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*