## J. F. SKELTON v. THE STATE.

No. 11563. Delivered October 3, 1928.
Rehearing denied November 14, 1928.

The opinion states the case.

A former appeal of this case is reported in 291 S. W. 238.

*Ramey & Davidson* of Sulphur Springs for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was convicted of the murder of Clarence Smith and his punishment fixed at nine years' confinement in the penitentiary. A former appeal of this case is reported in 291 S. W. 238.

Appellant became incensed at deceased when there was related to him certain incidents alleged to have occurred between deceased and appellant's fifteen year old daughter, with which it appears one Clyde Underwood had some connection. According to the State's testimony on the day of the homicide Clyde Underwood and deceased, Clarence Smith, were passing appellant's residence on foot going east along a road. Appellant observing them, procured a

single barrel shot gun, went out near to the road and fired at short range towards them, when they both fell. Smith was mortally wounded but Underwood got up and ran in a westerly direction, appellant following. Appellant reloaded his gun, fired at Underwood, who again fell but subsequently escaped and so far as the record shows is still alive. Appellant was indicted for assault to murder Underwood and was tried and acquitted. At this trial he filed a plea of former conviction, alleging that he had already been convicted of the murder of Clarence Smith, which judgment of conviction was a valid subsisting judgment and that the offense of assault to murder Underwood grew out of and was part of the same transaction for which appellant had already been convicted. On the trial of the instant case, appellant testified:

"I pleaded former jeopardy for killing Clarence Smith when I was being tried for shooting Clyde Underwood, that was my defense and I testified then like I do now in that case."

Appellant denied that he ever shot at Underwood. In the trial of this case he filed a plea of former acquittal, based on his acquittal of the Underwood assault, which issue the Court refused to submit to the jury and which refusal is made the subject of appellant's chief contention for reversal in this Court.

There were two separate and distinct assaults proven to have been committed upon Underwood, as shown above. Which of these appellant was acquitted of nowhere appears in the record. The last assault upon Underwood was wholly distinct and separate from the joint assault upon the two as already seen. In no event would an acquittal of the last assault upon Underwood alone bar a prosecution for the murder of Smith. One may commit distinct offenses of assault or culpable homicide upon different persons in the same transaction. Samuels v. State, 25 Tex. Crim. App. 537. Branch's P. C., P. 323. The burden was upon appellant to prove his plea of former acquittal. Fehr v. State, 36 Tex. Crim. Rep. 96. The record is silent as to what issues went to the jury in the trial of appellant for the Underwood assault, or of which of two distinct assaults appellant was acquitted. It does appear that appellant pleaded as a defense in such trial his former conviction of an offense growing out of the same transaction for which he was on trial. Autrefois acquit is available only in cases where the transaction is the same, and the two indictments are susceptible of and must be sustained by the same proof. Autrefois convict only requires that the transaction or facts constituting it be the same. Wright v. State, 37 Tex. Crim. Rep. 630.

We think the appellant failed to discharge the burden which was his to bring himself within the above rules governing such defenses. He may have been tried and acquitted for the last assault upon Underwood, or upon his plea of autrefois convict. If the latter, then it would be a species of legal legerdemain that the law could not tolerate to permit him now to plead such an acquittal in bar of the present conviction.

His former conviction for the murder of Smith was not final but if it were pleaded as a final judgment and an acquittal of the Underwood assault procured thereby, it would indeed be a legal performance unworthy of approval to then permit him to plead such judgment in bar of the present conviction.

Two hundred and sixteen jurors had been summoned to do jury service at the term of the court at which appellant was tried. One hundred of those names had been used in drawing a venire in another murder case and the remaining one hundred and sixteen were used in drawing a venire summoned in the trial of appellant. A motion was made to quash the venire because the entire two hundred and sixteen names were not placed in a box and appellant's venire drawn therefrom. The specific procedure followed in this case seems to have been approved as statutory in the case of Saye v. State, 99 S. W. 551. There has been no disapproval of this authority so far as we are aware and under it appellant's contention is without merit.

Appellant criticizes the charge of the Court on manslaughter in various particulars. It would lengthen this opinion unduly to discuss' all of these. Suffice it to say that in our opinion, under appellant's evidence, the Court correctly submitted the only phase of manslaughter which was raised by the evidence.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant seems to think we were in error in saying that the opinion in Saye v. State, 50 Texas Crim. Rep. 572, has not been disapproved. He cites Harris v. State, 91 Texas Crim. Rep. 446, as upholding his contention in this regard and as authority for saying that the one hundred names of regular jurors

for the term who had been drawn from the list of jurors for the term upon another special venire before the clerk drew the special venire to serve in appellant's case,—should have been put back in the box prior to the drawing of the venire in the instant case, so that when appellant's venire was drawn the box should have contained the entire two hundred and sixteen regular jurors for the term. We did not in any way disapprove the Saye case, supra, in the opinion in the Harris case, supra. On the contrary, in the Harris case, speaking of the fact that in the Saye case the trial court held against appellant's contention that the names of regular jurors for the term which had been drawn out of the box to make up a special venire, drawn prior to the special venire in appellant's case, should have been put back in the box before the venire in appellant's case was drawn we said: "That this was in accordance with the provisions of such act is beyond dispute." This court has not changed its mind on that point since. It is true that in the Harris case, supra, the clerk of the lower court had put back in the box the names of special veniremen who had been theretofore drawn on another special venire, before he drew the venire in the case on trial. We expressed no approval of such conduct on the part of the clerk, but merely held under the facts that no error was committed of which complaint could be made.

Construing Arts. 592, 593 and 594 of the 1925 C. C. P., we are of opinion, as seems plainly stated in said Art. 594, that the names of regular jurors for the term, who have been once drawn on a special venire, shall not again be put into the box for special venire service until after the remainder of such regular jurors have been drawn upon special venires, as well as the names of the special venire list drawn by the jury commission for that term; also that when one special venire has been drawn from the list of regular jurors for the term and there is need for a second or third special venire, same shall be drawn from the regular jurors until the list of such jurors be exhausted, and then the list of names summoned for special venire service shall be put in the box. If these in turn be exhausted, which would not be likely, then again to the list of special veniremen,— giving effect to and being governed by the provisions of the statute that no juror could be compelled to serve on more than two special venires, or do more than one week of regular jury service in addition to service on one special venire.

The trial court refused to submit appellant's plea of former acquittal. In this he was right. To require that same be submitted

the plea must set up that the transaction and offense of which the accused was acquitted, and that for which he is now upon trial are one and the same; and it must appear from the testimony that the facts were such as would have sustained the indictments in each case. Applying this, we note that appellant's plea set up that all the shots fired by him on the occasion of the homicide for which he is here convicted, were aimed at both Smith and Underwood and constituted but one transaction, being in fact with one intent and but one volition. Examining the testimony, we observe that appellant himself swore that he fired one shot when both Smith and Underwood were together, and that both of them fell. He then said: "After I shot the first time I think I shot Smith again. * * * I did not shoot the last shot at Underwood as he ran up the road." In another place appellant said he went out there and shot Smith to protect his girl, and further said: "I did not at any time aim any shot, or intend any shot at the Underwood boy." He further testified that the same facts were brought out on his trial for assault to murder Underwood in which he was acquitted, as had been brought out upon the instant trial. It also appears from the record that his reliance upon his right to an acquittal here, rested entirely upon his own testimony as to the facts and their identity in the two cases.

In Simco v. State, 9 Texas Crim. App. 348, and Wright v. State, 17 Texas Crim. App. 152, and many subsequent cases, the rule is stated that former acquittal is only available when the indictments in the case on trial and that in which it is alleged an acquittal was had, are susceptible of and must be sustained by the same proof. Under the State's proof in the instant case, and apparently in the trial where appellant was charged with shooting Underwood, it was shown that after shooting Smith and Underwood down, appellant shot at Underwood as he ran away from the scene. This would make two entirely separate and distinct transactions and offenses. Under the defensive testimony in this case it appears that appellant admitted that he shot at Underwood and Smith, and later fired a second shot at Smith, but he denied that he shot at Underwood as he ran away. As far as we can tell from this proof appellant may have been acquitted on his trial for shooting Underwood upon the jury's acceptance of his testimony that he never intended any shot for Underwood, and did not shoot at him, but no support can be found in the testimony in either case for belief that the indictment in the instant case could have been sustained upon the same proof which resulted in appellant's acquittal. Nothing in testimony on either trial supports the proposition that appellant was not guilty of shooting Smith.

The jury in appellant's trial for assault to murder Underwood may have been confused and misled by the fact that there was before them a plea of former conviction based on the fact that appellant had been convicted for killing Smith prior to the time of his trial for the alleged assault upon Underwood. Under the facts as we understand them such plea should not have been entertained or submitted. There was at that time no final conviction of appellant for killing Smith. He had in fact appealed from said conviction and same was afterwards reversed. The authorities are all in harmony in holding that in such case a plea of former conviction would not lie.

Believing that the court's action in regard to the jury was correct, and that he committed no error in declining to submit appellant's plea of former acquittal, the motion for rehearing is overruled.

*Overruled.*