JOHN HALL V. THE STATE.

No. 22257. Delivered November 4, 1942.
Rehearing Denied (Without Written Opinion) January 6, 1943.

The opinion states the case.

*B. N. Richards,* of Dalhart, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by indictment with the unlawful killing of one J. J. Jones, and upon conviction he was given by the jury a penalty of five years in the State penitentiary for murder without malice.

There is no statement of facts in the record, and we are somewhat at a disadvantage in appraising many of appellant's presented propositions herein. There is filed a brief, however, that presents some matters which can be understood without

reference to the facts, and we will attempt to answer such as we find in the brief that do not need aid from a perusal of the facts.

Appellant first contends,—because he was charged in the indictment with a killing upon malice aforethought, and the verdict of the jury found him guilty of an unlawful killing without such malice,—that he was entitled to an acquittal of the offense charged, and the court should have granted his motion in arrest of judgment.

Appellant admits the presence in the statute of Art. 695 C. C. P., in which it is said that: "The following offenses include different degrees: (1) Murder, which includes all the lesser degrees of culpable homicide, and also an assault with intent to commit murder"; and that this court has uniformly held that an indictment for murder with malice includes a charge of murder without malice; but his contention is that the constitutional requirement that all felony prosecutions shall be by means of an indictment of a grand jury, taken together with Art. 395, C. C. P., which defines an indictment as the written statement of a grand jury, that such definition means that all the things of which an accused could be convicted, in the same transaction, should be clearly set forth and written into said indictment. That is, if under an indictment for murder with malice a conviction could be had for murder without malice, then a charge for murder without malice should be also placed in said indictment, as well as all other charges which this court has held are embraced in such charge of murder. The strength of his reasoning being based on the phrase that an indictment is a *written* statement, and that every offense for which a conviction could be had under this indictment should be stated in separate verbiage.

Appellant then reasons that because he was not convicted of a murder with malice, and no other charge appearing in the indictment, that he is entitled to an acquittal of this homicide. To this we can not agree. Since the abolition of degrees of murder we have consistently held that upon a reversal of a conviction for murder without malice the accused could again be placed upon trial for murder with malice, and under such identical circumstances a conviction was upheld in the recent case of Beckham v. State, 148 S. W. (2d) 1104, where the authorities will be found collated on page 1106.

There is a bill of exceptions found in the record which shows that while appellant was on the witness stand he testified that in the fall of the year 1940, while appellant was driving down a certain road, the deceased fired at appellant "once, maybe twice." Appellant then sought to prove by Mr. Brewster that during such fall of 1940 the appellant told Brewster of this incident. This testimony was objected to by the State, mainly as self-serving, hearsay, irrelevant and immaterial. Unfortunately we have no statement of facts present, and we cannot properly evaluate this bill unless we had such testimony before us. Unquestionably it does seem to be hearsay and also self-serving; we do not know what appellant's contentions and defense were. We do know that he was allowed to testify to such shooting, because the bill says that he did, and it occurs to us that his conversation with another relative to such shooting would infringe upon the hearsay rule, as well as be a self-serving declaration. Possibly the State made no controversy over such occurrence, and if so, then we can see no injury to appellant in not letting him show that he had not only once but had twice told about this prior shooting.

There are many objections and exceptions to the trial court's charge. We also note that the trial court was fairly liberal in the granting and giving of five special charges requested by appellant. We have carefully examined the general charge and special charges given by the court and see no grounds for a serious objection thereto. In the absence of a statement of facts we can but presume that it embraced all of appellant's defenses as shown by the facts. We do think it correctly states the matters of law set forth therein.

No error being apparent, the judgment is affirmed.