## Martin Stover Tuley v. The State.

No. 23702. Delivered June 28, 1947.
Rehearing Denied October 22, 1947.

*Cox & Cox,* of Sherman, for appellant.

*Paul Worden,* County Attorney, of McKinney, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Rape is the offense; the punishment, fifty years in the penitentiary.

The pivotal question relates to the overruling of the motion to quash the special venire.

Collin County, where the case was tried, is not under the jury wheel system; prospective jurors are drawn by jury commissioners. The drawing of special venires is governed by Arts 592, 593, 594, and 595, C. C. P. The jury commissioners at the preceding term of court drew the names of 288 persons to serve

as petit jurors at this term of court—which were 48 names each week for six weeks. In addition thereto, the jury commissioners, in obedience to Art. 593, C. C. P., drew 72 names as a special venire list. One of this number was diqualified from jury service as a matter of law, which reduced the special venire list to 71 names.

In ordering a special venire in this case, the trial court ordered the clerk of the court to issue a "writ commanding the Sheriff of Collin County to summon 71 (seventy-one) persons whose names appear on the list to be attached to said writ, and 79 (seventy-nine) others, who are qualified jurors in the county * * *." Thus, the 71 names on the special venire list and 79 persons selected by the sheriff of the county composed the venire from which the jury that tried the appellant was selected. None of the 288 names selected by the jury commissioners for regular jury service were on the special venire.

Appellant's contention, in its final analysis, is that a large portion, at least, of the regular jurors were available for service and should have been drawn upon the venire in this case.

It is the policy of our law that one accused of a capital offense is entitled to have the jury selected from names drawn by jury commissioners rather than from those selected by the sheriff (Knight v. State, 66 Tex. Cr. R. 335, 147 S. W. 268), and so long as any such veniremen are available they should be first utilized before resorting to jurors summoned by the sheriff. So, in this case, if any of the regular jurors selected for the term were available to be drawn upon appellant's special venire, his motion to quash the venire should have been sustained.

It appears that testimony was introduced on the motion to quash the venire. The bill of exception and also the trial court's qualification thereto certify the facts.

The trial court, in his qualification to the bill of exception, certifies as a fact that "the jury lists in the District Clerk's office showed that by virtue of other special venire cases which had been tried at this term of court and a prior setting of this case in which 200 men had been called, every juror that had been selected by the juror commissioners had had their names listed twice at the same term of court, as either jurors for the week or special venire jurors, with the exception of the 71 names listed in the special venire, which were the 71 names listed in the special venire writ issued to the sheriff in this case.

All jurors selected by the jury commission, including the 71 persons who had been selected by the jury commission for the special venire, had been previously summoned one time on previous special venires * * *."

The bill also certifies that the proof upon the hearing of the motion to quash "showed that there were 166 men on the petit jury lists who had been summoned to answer one special venire during the term of court, but had not been summoned to answer the jury for the week during the term of court, nor had they served as petit jurors for one week during the term of court."

If we understand appellant's position, it is that, under the facts stated, the 166 names were available to be drawn upon the venire in this case and, inasmuch as the venire ordered was only for 150 names, no resort should have been had either to the special venire list of 71 names or talesmen selected by the sheriff.

No question exists but that appellant's contention is correct, provided the 166 names were available, for, as we said in Griffin v. State, 86 Tex. Cr. R. 498, 218 S. W. 494, it is the purpose of the law to require the exhaustion of the list of petit jurors before resorting to those specially drawn for special venire service. See, also, Lee v. State, 96 Tex. Cr. R. 625, 259 S. W. 582; Bradley v. State, 96 Tex. Cr. R. 81, 256 S. W. 292. It is apparent, then, that appellant's contention stands or falls upon whether or not the 166 names on the regular jury lists were available to be drawn upon his venire.

The trial court's conclusion that none of the regular jurors summoned for the term were available to be drawn upon the venire in this case was based upon the fact, as he says in his qualification, that all jurors who had been selected by the jury commissioners had had their names listed twice at the same term of court, as either jurors for the week or special venire jurors, with the exception of the 71 names listed in the special venire. All jurors selected by the jury commission, including the 71 persons who had been selected by the jury commission for the special venire, had been previously summoned one time on previous special venires.

The action of the trial court in overruling the motion to quash the venire appears, then, to rest upon these certified facts, viz.:

(a) 166 of the 288 names drawn for petit jury service had been summoned one time on a special venire and had not served as jurors for one week during the terms;

(b) the 288 names drawn as jurors for the week had been listed twice, either as jurors for the week or on a special venire;

(c) the 288 regular jurors and the 71 names on the special venire list had been drawn one time on prior special venires.

A determination of the question before us rests, primarily, upon the provisions of Arts. 593 and 594, C. C. P., which reads as follows:

"Art. 593. Special venire list

"The jury commissioners shall select one man for every one hundred of population in any county, or a greater or less number if so directed by the court, and these shall constitute a special venire list from which shall be drawn the names of those who shall answer summons to the special venire facias, after the petit jurors for the term have been drawn on any venire one time during such term. The drawing of the veniremen from the special venire list shall be done in the same manner prescribed for other jurors. No citizen who has served as a petit juror for one week during any term of court shall during said term be compelled to answer summons to more than one special venire; nor shall any citizen be compelled to answer summons to a special venire more than twice during any one term of court. The provisions of this and the succeeding article shall not apply in counties having a population of less than two thousand, nor to counties under the Jury Wheel Law."

"Art. 594. (661) Further venire service.

"Whenever the names of the persons selected by the jury commissioners to do jury service for the term shall have been drawn one time to answer summons to a special venire, then the names of the persons selected by said commissioners, and which form the special venire list, shall be placed upon tickets and drawn in the same manner as provided in the second preceding article; and the clerk shall prevent the name of any person from appearing more than twice on all of such lists."

The practical and working effect of these two articles is that:

(a) if a citizen has served as a petit juror for one week he may be summoned upon one special venire but no more than one;

(b) a citizen cannot be required to answer more than twice at any one term of court as a special venireman;

(c) a citizen who has not served as a petit juror for one week of the term may be required to answer twice as a special venireman.

The trial court, in his qualification to the bill of exception, certifies that he based his action in overruling the motion to quash upon the cases of Skelton v. State, 110 Tex. Cr. R. 621, 10 S. W. (2d) 554, and Blake v. State, 110 Tex. Cr. R. 128, 7 S. W. (2d) 579.

In Skelton's case, following Saye v. State, 50 Tex. Cr. R. 569, 99 S. W. 551, we held that:

"* * * when one special venire has been drawn from the list of regular jurors for the term and there is need for a second or third special venire, same shall be drawn from the regular jurors until the list of such jurors be exhausted, and then the list of names summoned for special venire service shall be put in the box. If these in turn be exhausted, which would not be likely, then again to the list of special veniremen, giving effect to and being governed by the provisions of the statute that no juror could be compelled to serve on more than two special venires, or do more than one week of regular jury service in addition to service on one special venire."

The holding in Blake's case was that where the veniremen named by the jury commissioners were insufficient in number to meet the requirement of the special venire ordered, the trial court was authorized to direct the sheriff to summon additional veniremen.

We are unable to perceive wherein either of these cases support the trial court's ruling; on the contrary, the holding in Skelton's case appears to support the contention of appellant that he was entitled to have the venire selected from available jurors drawn by jury commissioners.

In its final analysis, the question before us turns upon the words, "served as a petit juror for one week," as used in Art. 593, C. C. P., as exempting such a juror for the week being drawn upon more than one special venire. The trial court appears to have construed such as being synonymous with the word, "selected" by the jury commissioners, or "summoned" for jury service. These are not synonymous. One has served as a

juror when impaneled as such. One may be selected by the jury commissioners or summoned as a juror and attend court in obedience to that selection, without serving as a juror.

The fact, as certified in the bill of exception, that there were 166 men on the regular jury panel who had not served as petit jurors for one week during the term and had not been selected on more than one special venire appears to be decisive of the question before us and to sustain appellant's contention that these men were available to be drawn upon the venire in this case. As supporting this conclusion, see Moore v. State, 49 Tex. Cr. R. 629, 95 S. W. 514, and Johnson v. State, 86 Tex. Cr. R. 566, 218 S. W. 496.

We are unable to agree with the State that the bill of exception to the overruling of the motion to quash was subject to the objection as being multifarious—that is, containing several distinct propositions. The matter presented by the bill and to which we have given consideration is to the overruling of the motion to quash. The other questions presented therein arose as incidents in the development of that matter. The bill was therefore not subject to the objection urged.

The statute law of this State provides for the mode, manner, and method by which a venire is to be drawn from which a jury is to be selected to try one accused of a capital offense. A denial of the rights extended by such statutes constitutes prejudicial error. This is fundamental and basic.

Having reached the conclusion that appellant was not furnished a venire drawn in accordance with the mandate of the statutes, the question of harmless error is not presented. Oates v. State, 48 Tex. Cr. R. 131, 86 S. W. 769.

The other bills of exception appearing in the record have been examined and are overruled without discussion.

For the error in overruling the motion to quash the venire, the judgment is reversed and the cause remanded.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

The State has filed a motion for rehearing in which it insists that we erred in sustaining appellant's contention in declining to sustain his motion to quash the special venire. We have again considered the question in the light of the State's motion, but remain of the opinion that the question was properly disposed of in the original opinion.

The State's motion for rehearing is overruled.

Opinion approved by the Court.