Arwood Francis **HINKLEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38195.

Court of Criminal Appeals of Texas.

May 5, 1965.

Jim L. DeFoyd, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and Joe Shaffer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is arson; the punishment, five years.

The evidence shows that some twenty minutes after appellant had been refused further credit and had been forcibly ejected from the Lounge operated by Mrs. Johnny M. Cox, by the bartender, the Lounge began to fill up with smoke and upon investigation it was found that an offset extension of the building was burning.

The fire was extinguished by a bucket brigade formed by the proprietor and her customers.

H. G. Wooten, Arson Investigator for the City of Houston, testified that the fire started in a small box like extension of the building where there was no natural hazard such as electrical wiring, gas or stove which could have started the fire. Based upon his training and experience in determining the origin of many fires, he expressed the opinion that the fire was of incendiary origin.

Appellant's written statement was introduced in evidence in which he confessed:

"I spurted a large amount of the lighter fluid on the east side of this offset. The offset is a wooden structure which is built to protrude out from the building at that location. * * * After I lit this fire, it flamed up and scared me and after this I ran back to the house and went to bed. The reason I set

this fire was because I was mad at Jim, the bartender, for hitting me, and I wanted to set the building on fire for revenge."

The evidence shows that the offset was made of ship lap covered with tar paper; that the tar paper had been torn away and the wood had been charred at the east corner; that it was not a scorching but an actual charring of the wood, the area burned being roughly 12 inches square.

Appellant turned over to the investigator a cigarette lighter and a bottle of lighter fluid from which he said he spurted fluid on the east wall of the offset and lit with the cigarette lighter.

 The evidence sustains the finding by the jury that appellant wilfully and intentionally burned the house. The burning was complete. See Smith v. State, 23 Tex.App. 357, 5 S.W. 219; Blanchette v. State, Tex.Cr.App., 24 S.W. 507.

The first claim for reversal relates to the admission of appellant's confession.

■ A considerable portion of the statement of facts relates to the evidence adduced before the court in the absence of the jury, including testimony of the defendant, from which the trial court found that the confession was voluntarily made and signed after the statutory warning; that appellant did not request counsel or state he was represented by counsel, or give the name of any attorney he wanted to see before signing the statement; and that the statement was given without threats, compulsion, persuasion, duress, coercion or any improper influence.

The trial judge resolved all issues of fact raised by the evidence adduced before him in the jury's absence before admitting the confession. The confession was not inadmissible as a matter of law.

Under the facts, Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, is not applicable. Appellant did not request counsel. He was not denied the right to assistance of counsel. He was warned that he did not have to make any statement.

■ We overrule the contention that the lighter fluid was procured as the result of an unlawful search of appellant's home. The officer testified that they had permission from appellant to search the house and that he directed them to the lighter fluid referred to in the statement, took it off the dresser and handed it to him.

The judgment is affirmed.