Robert Chester GALLOWAY, Appellant,

v.

The STATE of Texas, Appellee.

No. 40604.

Court of Criminal Appeals of Texas.

Oct. 18, 1967.

Rehearing Denied Dec. 6, 1967.

Marks, Time & Aranson, by Fred Time, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Reese, Charles Caperton and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is murder with malice; the punishment assessed by the jury, twenty (20) years confinement in the Texas Department of Corrections.

On Saturday evening, November 20, 1965, Bernie Miles (the deceased), Maurice Thornton, Chester Wilson, and Annie Pearson were sitting at a table near the stage in Delmonico's, a Dallas nightclub. Near closing time appellant and one Acreston Henry ("Sixteen") and others began the performance of the last floor show with "Sixteen" playing the part of a woman. When "Sixteen" appeared in a dress the deceased pulled him from the stage, whirled him around, and lifted him back on the stage saying, "Hey, man, look at these punks." "Sixteen" then draped his skirts over the deceased's head. Appellant told the deceased to "knock it off" and several words, remarks, etc., were exchanged, and finally the show was forced to halt because of the disturbance and the closing time.

There was testimony that during the floor show a man called "Greasy" (Azzie Sullivan) handed appellant a gun, which was being used in the comedy act, and that appellant took the blank shells out of the gun. At approximately 1:15 a. m., November 21, 1965, Maurice Thornton, Chester Wilson, and Annie Pearson left the club followed by Bernie Miles, the deceased. The details of what occurred outside are conflicting; however, the evidence is uncontroverted that appellant struck the deceased on the head with the pistol and shortly thereafter shot the deceased, who died soon after his arrival at Parkland Hospital.

Appellant initially urges that as a result of a previous trial, he was placed in jeopardy when he was re-tried in violation of Article V, U. S. Constitution, and Article I, Section 14, Texas Constitution, Vernon's Ann.St.

■ Normally, the defense of former jeopardy must be specially pleaded, 16 Tex. Jur.2d, Sec. 321, p. 500, and the burden of proof is on the accused to establish a plea of jeopardy. Skelton v. State, 110 Tex.Cr.R. 621, 10 S.W.2d 554. We do not find that appellant filed and presented to the court a written plea of former jeopardy as required by Articles 27.05 and 27.06, Vernon's Ann.C.C.P.

■ Even if it be appellant's contention that no formal plea is necessary where the former proceedings are in the same case, there is no showing in the record that appellant offered evidence in support of his plea, and thus he waived any right he had to a jury finding on whether his plea of former jeopardy was true. Villarreal v. State, 172 Tex.Cr.R. 213, 355 S.W.2d 516.

■ The first mention of such issue appears to have been made in appellant's Second Amended Motion for New Trial filed in the trial court. If evidence were presented in connection with said motion, it does not appear in the record. In Watson v. State, 162 Tex.Cr.R. 156, 282 S.W.2d 715, this Court held that former jeopardy must be pleaded before the trial and cannot be raised for the first time on Motion for New Trial.

■ Appellant has attached an affidavit to his supplemental brief on appeal filed in the trial court, stating that on May 25, 1966, he was placed on trial for murder in the Criminal District Court of Dallas County; that the jury found him guilty of murder without malice, but that the jury after three hours of deliberation at the penalty stage of the proceedings was unable to agree upon punishment and was discharged by the court, with consent of appellant's counsel; that appellant did not personally consent to such discharge.

Nothing in the said affidavit nor the allegations in the Second Amended Motion for New Trial reflect that the previous trial was upon the same accusation as in the case at bar. If a previous trial were had upon this indictment, the charges of the court, the verdict of the jury, etc., do not appear as a part of the record, nor do we find any request for the inclusion of the same in the record. Article 40.09, Sections 1 and 2, V.A.C.C.P.

For the reasons stated above, the question of former jeopardy or conviction is not before this Court. Hill v. State, Tex.Cr. App., 398 S.W.2d 944; Villarreal v. State, supra.

In his second ground of error appellant complains that the trial court erred in denying his pretrial motion to reduce the offense from murder with malice to murder without malice, contending that the verdict upon appellant's alleged first trial where he was adjudged guilty of murder without malice should be considered an acquittal of the higher offense of murder with malice and that, therefore, appellant could not be convicted of any greater offense than murder without malice. Appellant cites Article 37.14, V.A.C.C.P. (1965) in support of this contention.

■ The record does not reflect the referred to verdict or any instruments or evidence showing that appellant had been previously adjudged guilty of murder without malice on this same accusation. Therefore, the question is not before this Court for consideration. Even if the question were before this Court and assuming the truth of appellant's allegations (see discussion under appellant's ground of error No. 1) that a previous jury was discharged and a mistrial declared before punishment was assessed, the conclusion is inescapable that no final verdict of murder without malice was adjudged against appellant. Article 37.07(2) (d), V.A.C.C.P.

This article states:

"In cases where the matter of punishment is referred to the jury, the verdict shall not be complete until the jury has rendered a verdict both on the guilt or innocence of the defendant and the amount of punishment, where the jury finds the defendant guilty. In the event the jury shall fail to agree, a mistrial shall be declared, the jury discharged, and no jeopardy shall attach."

■ It is also observed that an accused is not twice put in jeopardy within the meaning of the Fifth Amendment when he is tried a second time after the jury impaneled for his first trial was discharged for its failure to agree on a verdict. Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100; Gilmore v. United States, 264 F.2d 44 (5th Cir.), cert. den. 359 U.S. 994, 79 S.Ct. 1126, 3 L.Ed.2d 982, reh. den. 360 U.S. 914, 79 S.Ct. 1298, 3 L.Ed.2d 1264. Further, this Court has long held that murder without malice is not a lesser included offense of murder. Lopez v. State, 162 Tex.Cr.R. 454, 286 S.W.2d 424; Hall v. State, 145 Tex.Cr.R. 192, 167 S.W.2d 532; Mosley v. State, 149 Tex.Cr.App. 523, 196 S.W.2d 822. The statute (Article 1256, V.A.P.C.) provides different punishments for murder with and without malice aforethought, but does not create two

offenses, only the single offense of murder. See 29 Tex.Jur.2d, Homicide, Sec. 77, pp. 83, 84.

■ In his third ground of error appellant contends that the trial court erred in admitting into evidence over objection a .22 caliber pistol which was the product of an illegal search and seizure.

B. W. Pope, a Dallas city policeman, testified that he and two other officers accompanied by "Sixteen" and "Greasy" went to appellant's residence at 1:30 p. m. on the afternoon following the shooting. Officer Pope observed appellant backing his automobile into the street. Pope identified himself and inquired of the appellant where the pistol was he had used in the shooting the night before. Appellant replied that it was in his house, and he invited the officers to come with him while he got it. Appellant and the officers went into appellant's house, and appellant handed to the officers the pistol and ammunition that he removed from the headboard of a bed. The appellant was subsequently arrested. Such testimony is undisputed.

In view of such facts, we overrule appellant's contention that the pistol was procured as a result of an unlawful search of appellant's home. Hinkley v. State, Tex. Cr.App., 389 S.W.2d 667.

■ In his final ground of error appellant complains that the trial court erred in overruling appellant's Second Amended Motion for New Trial in the absence of appellant.

The record shows that the appellant was present during the trial, and there is no evidence reflecting his absence at any time. The presumption is that he was present during the whole trial. See Article 33.03, V.A.C.C.P. The order overruling the appellant's Motion for New Trial expressly recites that the appellant and his counsel were personally present in court at the time. After notice of completion of the record by the clerk, there was no objection made to

the same or any request for a hearing to correct the record. See Article 40.09, Sec. 7, V.A.C.C.P. Appellant's affidavit to the effect that he was not present at the hearing on the said Motion for New Trial attached to a supplemental brief on appeal filed in the trial court after the approval of the record is not sufficient to overcome the express recitation of the order overruling the Motion for New Trial and the presumption of appellant's presence. Appellant's contention is overruled.

The judgment is affirmed.