### J. J. BURDEN v. THE STATE.

No. 2281. Decided February 12, 1913.

Rehearing granted May 7, 1913.

**1.—Rape—Capital Offense—Pauper Defendant—Appointment of Counsel.**

Under article 558, Code Criminal Procedure, it is provided that in all capital felonies where accused is too poor to employ counsel, the court shall appoint one or more attorneys to defend him, and this is mandatory. Following Pennington v. State, 13 Texas Crim. App., 44, and other cases.

**2.—Same—Pauper's Affidavit—Transcript—Official Court Stenographer.**

Where defendant made affidavit that he was unable to pay for a transcript or to give security therefor, and the court entered an order directing the official stenographer to prepare a statement of facts in the case, in due time, and it was shown to this court that said stenographer had not complied with said order, he will be compelled by this court to make out such transcript in compliance with the order of the District Court, and to show cause why he should not be held in contempt.

**3.—Same—Official Court Stenographer, Duty of.**

In all cases where the official court stenographer is required to prepare a transcript for a pauper defendant, he can not excuse himself that through press of business he overlooked and neglected to comply with the order of the court to make out and file such statement of facts, but will be required to comply with and perform all the duties which the statutes require of him, as provided in

the Act of the Thirty-second Legislature, and it is the duty of the district judge to see to it that the stenographer carries out his order.

### 4.—Same—Official Stenographer—Statement of Facts.

Where it appeared from the record on appeal from a conviction of a capital offense that the stenographer had neglected and failed to make out a statement of facts for the attorneys of the defendant, who were appointed by the court and had made due application therefor under defendant's affidavit that he was unable to pay for same or give security therefor, although duly ordered by the court to do so, this court will require said stenographer to transcribe the testimony and other proceedings recorded by him in the case and to show cause why he should not be adjudged in contempt.

### 5.—Same—Official Stenographer—Reversal—Practice on Appeal.

Where this court had issued an order requiring the official stenographer of the court below to transcribe the testimony and other proceedings recorded by him in a case pending on appeal, and said stenographer claimed to have lost a portion of his notes and that it was impossible for him to comply with the court's order, and it further appeared that appellant was deprived of a statement of facts through no fault of himself or his counsel, the cause must be reversed and remanded.

### 6.—Same—Disobedience of Stenographer—Contempt—Costs.

Where the court stenographer, in answer to the order of this court to make a transcript of the proceedings of the court below in an appeal pending in this court, claimed that he had done his utmost to comply with the orders of this court, and it appeared that his disobedience in the first instance was with reference to the orders of the trial judge, this court will assess the costs against him and leave any further punishment to the trial judge.

Appeal from the Criminal District Court of Dallas No. 2. Tried below before the Hon. Barry Miller.

Appeal from a conviction of rape; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Frank G. Harmon,* for appellant.—On question that defendant is entitled to a statement of facts where he is too poor to pay or give security therefor: Trammel v. State, 1 Texas Crim. App., 121; Henderson v. State, 20 id., 304; Bazzanno v. State, 62 Texas Crim. Rep., 47; Sargent v. State, 61 id., 34; Shaffer v. State, 58 id., 646.

On question where defendant is deprived of statement of facts by no fault of himself or counsel, the cause must be reversed and remanded: Sargent v. State, 61 Texas Crim. Rep., 34; King v. State, 59 id., 511; Yawn v. State, 37 id., 205.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with rape, and he was convicted of that offense. The penalty for this offense as provided by our code is death, or by confinement in the penitentiary for life, or for a term of years not less than five.

Article 558 of the Code of Criminal Procedure provides that in all capital felonies, if the accused is too poor to employ counsel, the court

shall appoint one or more attorneys to defend him. This statute has been held to be mandatory. (Pennington v. State, 13 Texas Crim. App., 44; Brown v. State, 52 Texas Crim. Rep., 267.) The court, as shown by the record before us, did appoint attorneys to represent defendant, who apparently ably represented him, for while the appellant was found guilty, his punishment was assessed at only ten years confinement in the penitentiary.

The attorneys appointed by the court, Messrs. Dearing, Barrett & Harmon, filed a motion for new trial, which was by the court overruled on September 14, 1912, when notice of appeal was given and entered of record. Thereafter, on the 14th day of September, defendant filed an affidavit stating that he was unable to pay for a transcript, and was unable to give security therefor. On September 30, 1912, the court entered up the following order: "This day came on to be heard the request of the defendant to have the stenographer prepare a statement of facts in this cause; and it appearing to the court that the defendant had made affidavit that he is unable to pay for the same, or give security therefor, it is ordered by the court that the said request be, and the same is hereby granted, and the stenographer of this court is hereby directed to prepare and make up a statement of facts in this case." Although the term of court at which appellant was indicted did not adjourn until October 5, 1912, and the transcript in this case was not filed in this court until December 9, 1912, the stenographer appointed by the court, and who took down the evidence on this trial, had not complied with the order of the District Court, and had not filed a statement of facts nor transcript of his notes with the clerk of the District Court of Dallas County as required by law to do. One of the attorneys appointed by the court to represent appellant, Mr. F. G. Harmon, on January 4, 1913, filed in this court an affidavit that after the Hon. Barry Miller, judge of the Criminal District Court, had made an order for the official stenographer to make out a statement of facts, he frequently applied to the stenographer for the record, but that the stenographer had carelessly and negligently failed to comply with the order of the court, and appellant had thereby been deprived of a statement of facts without any fault of his attorney or himself.

On January 16, 1913, C. I. Evans, Jr., official stenographer of the Criminal District Court, makes an affidavit, which is filed in this court, in which he states: "That it is true that the court made an order on September 30, 1912, commanding affiant to prepare a statement of facts in said cause, and that thereafter, on three or four occasions, Mr. Geo. A. Harmon, father of defendant's attorney, requested said stenographer to prepare the statement of facts. That the affiant had no intention of disobeying the order of the court, but through press of business in the court overlooked and neglected to comply with the same within the time allowed by law for the filing of statement of facts. That to have complied with the order would have compelled the affiant, at times, to

work at nights and on Sundays, which he did not feel obliged to do without pay therefor."

Hon. Geo. A. Harmon of Dallas, on the 24th day of January, makes an affidavit which is also filed in this court. Among other things he states: "That upon request of his said son, Frank G. Harmon, who was temporarily residing in Austin, he called upon Chas. I. Evans, who reported the case, requesting him to make transcript in compliance with the order of the court, which the said Chas. I. Evans, on several occasions agreed to do. That the said Evans asked for, and secured, additional time at affiant's request; but finally and utterly failed to comply with the request of this affiant. Affiant further states that he was acquainted with the docket in said Criminal District Court No. 2, and can not account for the failure of the said Chas. I. Evans to prepare said transcript on account of lack of time or for any other good and valid reason. That the said Chas. I. Evans discussed with this affiant the injustice of the law in regard to the fees accorded by the State in preparing transcript for appeal upon a pauper's oath."

The official court stenographer of the District Court before entering upon his duties was required to take an oath to "faithfully and impartially discharge all the duties incumbent upon him as official stenographer," and accepting the office and taking this oath, he took it with a knowledge of what was in law required of him. If he did not expect nor care to comply with its duties as defined by law, he should not have sought for nor accepted the position, and having done so, he will be required to comply with and perform all the duties which the statutes of this State require of him. Chapter 119 of the Acts of the Thirty-second Legislature, page 264, provides for the appointment of official court stenographers, and places some duties on them. In section 14 of this Act it is provided: "In all cases where the court is required to and does appoint an attorney to represent the defendant in a criminal action, the official shorthand reporter shall be required to furnish to the attorney for said defendant, if convicted, and where an appeal is prosecuted, with a transcript of his notes as provided in section 5 of this Act, for which said service he shall be paid by the State of Texas, upon the certificate of the district judge, one-half of the rate provided for in civil cases."

Section 5 reads as follows: "In case an appeal is perfected from the judgment rendered in any case, the official shorthand reporter shall transcribe the testimony and other proceedings recorded by him in said case in the form of questions and answers, certifying that such transcript is true and correct, and shall file the same in the office of the clerk of the court within such reasonable time as may be fixed by written order of the court. Said transcript shall be made in duplicate; for which said transcript the official shorthand reporter shall be paid the sum of fifteen cents per folio of one hundred words for the original copy and no charge shall be made for the duplicate copy, said transcript

to be paid for by the party ordering the same on delivery, and the amount so paid shall be taxed as costs."

This case is one where the court was required by law to appoint an attorney to represent the defendant in the trial of the case, and the attorneys so appointed have been faithfully discharging their duties without pay or hope of reward other than of a duty well performed. It may seem hard to the stenographer to have to perform his duty on half pay, yet the lawyer is required to perform his duty and receive no pay. Each is an officer of the court, and the law has been more generous to the stenographer than it has to the attorney, yet we find him who receives nothing for performing his duty doing so, and urging the other official to do his duty, but the latter neglects to do it. It was the duty of the district judge to have seen that this official did his duty and complied with the order by him made, yet it seems he has not done so.

Under the provisions of the law this appellant is entitled to have a statement of facts made out by the stenographer in question and answer form, and delivered to his attorney, Mr. F. G. Harmon, or filed with the clerk of the district court of Dallas County.

It seems it resolves itself into a question of whether we will compel the stenographer to perform his official duty and give to the defendant those rights which the code accords. To do otherwise would permit any court stenographer to deprive any defendant too poor to employ counsel and pay for the stenographic report all right to be heard on appeal.

It is therefore ordered, adjudged and decreed by this court that C. I. Evans, Jr., official stenographer of Criminal District Court No. 2, of Dallas County, Texas, be, and he is hereby required to transcribe the testimony and other proceedings recorded by him in the case of J. J. Burden, tried in said District Court on or about September 3, 1912, it being cause No. 545, on the docket of said court, in the form of questions and answers, and that he certify that such transcript is true and correct, and file the same in the office of the clerk of said District Court on or before the 1st day of March, 1913, and that on or before said date he file with the clerk of this court a receipt of the clerk of the District Court showing that he has complied with this order, and if he shall not do so, he shall be cited to appear before this court on the 5th day of March, 1913, to show cause why he should not be adjudged to be in contempt of this court in refusing to obey its orders.

It is further ordered that the attorneys of appellant be, and they are hereby granted fifteen days from and after the date on which the official shorthand reporter shall file with the clerk of the District Court of Dallas County the papers herein required by him to be filed, in which to make out and file in this court a statement of facts in this cause, it being shown that he was prevented from filing same within the time allowed by law by matters beyond his control, and that he used all dili-

gence it was possible for a man to use, and in this case the attorney had been appointed by the court, and the law provides that he shall be furnished with the statement of the evidence.

The clerk of this court will issue all proper process herein, accompanying same with a certified copy of this judgment, directed to the sheriff or any constable of Dallas County, Texas, requiring him to serve the said C. I. Evans, Jr., with a copy thereof, and make due return to this court showing how and when he executed same.

It is further ordered by this court that this cause be set for Wednesday, March 19, 1913, for further hearing herein.

HARPER, Judge.—At a former day of this term appellant by affidavits filed and orders entered showed that the judge trying the cause had ordered the court stenographer to make out a statement of facts as required by law in capital cases, but said stenographer had failed to do so, and we entered an order requiring that he comply with the order of the district judge. He has filed an answer, together with a transcript of a portion of the testimony only, showing that the testimony of one witness for the State, Dr. K. W. Field, and four or five witnesses for the defense, including the testimony of defendant himself, had not been transcribed because his note-book had been lost and could not be found after diligent search.

Section 14, of chapter 119, Acts Thirty-second Legislature, provides that in all cases where the court is required to appoint an attorney to represent the defendant in a criminal action, the official stenographer shall be required to furnish the attorney so appointed by the court, if an appeal is prosecuted from a judgment of conviction, with a statement of the evidence adduced on the trial.

Article 547 of the Code of Criminal Procedure provides that in all capital felonies, if a defendant has no counsel the court shall appoint one or more attorneys to represent him. Pennington v. State, 13 Texas Crim. App., 44; Gutierez v. State, 47 S. W. Rep., 372.

In this case the appellant was charged with a capital felony, and the court appointed counsel to represent him, who have been diligent in their efforts to get the court to have the official stenographer comply with this law. And when he failed in the trial court, he came to this court and asked that we see that the law was complied with. We have done all that is in our power, but the stenographer says he has lost a portion of his notes, and it is impossible for him to comply. If trial courts, in cases of capital felonies, will not compel the officers of his court to comply with the law, there is nothing left for us to do but to reverse and remand the case. Our law is jealous of the rights of those of its citizens where the State is seeking his life as a penalty for crime alleged to have been committed, and they have placed safeguards in the law for his benefit. We trust no other trial judge will permit his official reporter to ignore this law, where a defendant is on trial for his life.

Because appellant and his counsel through no fault of theirs have been deprived of a statement of facts this case is reversed and remanded.

And as the court stenographer states he has done his utmost to comply with the orders of this court, and his disobedience in the first instance was to disobey the orders of the trial judge, we will only assess as against him the punishment of paying the costs of issuing and serving the process on the motion herein, leaving it to the trial judge to administer to him such punishment as he deems advisable for disobeying his orders.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*