Ex parte Johnny H. COOPER.

No. 38230.

Court of Criminal Appeals of Texas.

April 14, 1965.

Scott D. Moore, Fort Worth, for relator.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

In his writ of habeas corpus petitioner attacks the five year sentence he is presently serving which was pronounced against him in Cause No. 7087, in the 43rd Judicial District Court of Wise County, Texas, on the grounds that he was denied the ten days allowed for appointed counsel to prepare for trial under Article 494 Vernon's Ann.C.C.P.

The facts are undisputed.

The Judge of the trial court, in a certificate signed by him and attached to petitioner's writ, certified that on the same day that attorney Sewell was appointed by the court to represent defendant Cooper, the defendant entered a plea of guilty in Cause No. 7087, and the court proceeded to hear and decide the same. He further stated that neither attorney Sewell nor defendant Cooper executed a written waiver of the ten days allowed court appointed counsel to prepare for trial, but did state that a verbal waiver was made in open court.

 Article 494, supra, which provides for the appointment of counsel, reads in part as follows:

"The counsel so appointed shall have ten (10) days to prepare for trial, unless such time be waived *in writing* by said attorneys and the accused." (Emphasis added.)

The provisions of Article 494, supra, are mandatory, and a verbal waiver does not comply with the provisions of the statute and is insufficient to waive the ten days time allowed appointed counsel to prepare for trial. Bennett v. State, Tex.Cr.App., 382 S.W.2d 930, and Ex Parte Gudel, Tex.Cr. App., 368 S.W.2d 775.

Under these facts, the conviction cannot stand, and the writ is granted and it is ordered that the petitioner be released from his present custody and that he be delivered to the custody of the Sheriff of Wise County, Texas, to stand trial on the original indictment in Cause No. 7087.

WOODLEY, Judge (dissenting).

Charged by indictment with cattle theft, appellant waived a jury and pleaded guilty before the court.

Art. 10a V.A.C.C.P. requires the court to appoint counsel before a defendant who has no attorney can agree to waive a jury.

I am unable to agree that the absence of a waiver in writing of the ten days allowed counsel appointed "to prepare for trial" vitiates the conviction where the defendant desires to plead guilty and re-quests and obtains consent of the attorney for the state, waives a jury and pleads guilty before the court. This is not such a trial as is contemplated in Art. 494 V.A. C.C.P. for which counsel shall have ten days to prepare for trial.

I respectfully dissent.