**John Troy COOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39426.**

Court of Criminal Appeals of Texas.

April 27, 1966.

Rehearing Denied June 8, 1966.

Howard O. Lake, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Commissioner.

The conviction is for the unlawful possession of heroin, a narcotic drug; the punishment, fifteen years.

Trial was before the court, a jury being waived, upon appellant's plea of guilty.

At the trial, the facts were stipulated and appellant waived his constitutional right to be confronted by the witnesses.

By such stipulation the allegations of the indictment were stipulated as evidence, which was—in substance—that on or about the 9th day of April, 1965, the appellant, in Harris County, Texas, did unlawfully possess a narcotic drug, to-wit, heroin.

In addition, it was stipulated that if Officer G. T. Carnes were called as a witness he would testify that in the execution of a search warrant on appellant's premises "seven papers of heroin were found to be

in the possession of this defendant, John Troy Cook."

It was further stipulated that if Chemist-and-toxicologist Floyd E. McDonald were called to testify he would testify that he had occasion to examine the seven papers of heroin presented to him by *Officer D. G. McMannes* and such papers were revealed to contain approximately 6.38 grams of heroin.

It was also stipulated that the testimony of the witnesses was true and correct.

■ We overrule appellant's contention that the evidence stipulated was insufficient to show his guilt, as required by Art. 12, Vernon's Ann.C.C.P., because it fails to show the date of the commission of the offense and that the evidence recovered in the case was a narcotic drug.

■ We also overrule appellant's contention that the judgment of conviction should be reversed because he was represented by an attorney appointed by the court on the date his plea of guilty was entered to the indictment and the record does not show that he and his attorney waived the ten days allowed to prepare for trial, as required by Art. 494, V.A.C.C.P.

The record reflects that prior to the date of trial, appellant was represented in the cause by James A. Moore, an attorney of his own choice.

On the date appellant entered his plea of guilty, Attorney J. Shown was appointed by the court to represent him. It does not appear that his regularly employed attorney had withdrawn from the case when Attorney Shown was appointed.

Such facts distinguish the case from Ex parte Cooper, Tex.Cr.App., 388 S.W.2d 939, where the accused notified the court that he was unable to employ counsel and requested that an attorney be appointed to represent him.

The judgment is affirmed.

Opinion approved by the court.