**Ex parte Mickey Eugene BROWN.**

**No. 39771.**

Court of Criminal Appeals of Texas.

June 22, 1966.

S. John Odom, Houston, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION.

MORRISON, Judge.

This is a proceeding under Article 11.07, Vernon's Ann.C.C.P. (1965).

The Honorable Sam Hall, Sr., Judge of the 71st Judicial District Court, conducted a hearing and certified the facts to this Court. In his certificate Judge Hall recites that the statutory requirements of taking a plea of guilty were not complied with when relator entered his plea of guilty before Judge Hall in 1960.

The record supports the certificate in that it is shown that the court appointed attorney was not allowed ten days to prepare for trial, and that there was no waiver of his right accorded him by Article 494 V.A.C.C.P., which was in effect at the time of relator's plea. Ex parte Cooper, Tex.Cr.App., 388 S.W.2d 939 and the cases there cited are authority for granting the writ.

It is ordered, therefore, that relator be released from custody by the Texas Department of Corrections and delivered into the custody of the sheriff of Harrison County to stand trial on the original indictment in Cause No. 19,429 pending in said Court.

It is so ordered.

## DISSENTING OPINION

WOODLEY, Judge.

The unsworn petition upon which the writ of habeas corpus was granted and made returnable to this Court alleged:

"1. Petitioner entered a plea of guilty before this Honorable Court on July 15, 1960, and was placed on probation.

2. On September 19, 1960, the probation was revoked, and Petitioner was sentenced to ten (10) years in the State Prison.

3. On March 8, 1962, this Court entered an Order reducing Petitioner's sentence from ten (10) years to five (5) years confinement in the State Penitentiary. This Order was not executed by the State Prison in that they claimed that this Honorable Court did not have the authority to so reduce the sentence.

4. Petitioner has now served a period of five (5) years in actual imprisonment."

As grounds for such writ the petition alleged:

"1. Upon the plea of guilty there were no witnesses called, nor evidence introduced, to prove the guilt of accused, as is required by Article 12, VACCP and *Section* 501–503 CCP.

2. Petitioner was not represented by counsel at the time of his trial, as required by due process of law, 14th Amendment of the United States Constitution."

At the hearing petitioner introduced no testimony in support of his allegation that "no witnesses were called, nor evidence introduced" other than testimony to the effect that the record contained no statement of facts and did not reflect any stipulation as to evidence.

This was not proof that the requirements of Art. 12 V.A.C.C.P. were not complied with.

Petitioner elicited testimony at the hearing which directly contradicted his second ground for relief, and proved that he was in fact represented by counsel appointed on the day of the trial.

The trial judge's certificate reads as follows:

"I, Sam Hall, Sr., Judge of the 71st Judicial District of Texas; conducted the trial in the Cause of Mickey Eugene Brown, in 1960, and upon his Guilty Plea, Granted Probation.

"Thereafter, I transfered the matter to Odessa, Ector County, Texas, for Probation Supervision. I did not transfer Jurisdiction of the Cause, only that of Supervision.

"In September of 1960, the Court in Ector County revoked the Probation Sentence I had imposed, and itself sentenced Brown to the Ten (10) years in Prison which I had Probated.

"In 1962, a Motion was filed before me by Mr. Charles Allen, the District Attorney of Harrison County, requesting that I reduce my original Probated Sen-

tence of Ten (10) years, to a Prison Sentence of Five (5) years; and the facts and new evidence before me indicating that such an Order would be in the interest of justice, I accordingly entered the necessary Order to sentence Brown to the Five Years in Prison, instead of Ten (10) years Probation.

"Thereafter, I was advised by the Attorney General that I did not have the Authority to enter such an Order, in that the Sentence had been imposed in Ector County. If the order transferring the Probation to Ector County did transfer Jurisdiction of the Cause, it was entered in error, and was not the order nor intent of this Court.

"On May 24, 1966, an application for Writ of Habeas Corpus having been filed before me by Mickey Eugene Brown, I Granted a hearing as to whether the Writ Should issue and thereafter, being of the Opinion that the statutory requirements of taking a Guilty Plea were not complied with; and further, that the Sentence of the Petitioner has expired, the Writ of Habeas Corpus was issued, and will be found hereinafter."

There was testimony introduced at the hearing to the effect that counsel appointed on the day of the trial did not waive and no written waiver was filed of time to prepare for trial, but there was no evidence that the defendant, petitioner herein, was indigent or was unable to obtain counsel, or that counsel was appointed pursuant to Art. 494 V.A.C.C.P. and not Art. 10a V.A.C.C.P.

The views of the writer as to this ground for setting aside a conviction in a collateral attack are shown in his dissent in Ex parte Cooper, cited by the majority.

It is clear that the trial judge did not grant the writ or express the opinion that the sentence made final in Ector County was void because petitioner and his court appointed counsel were not allowed ten days to prepare for trial and did not file a written waiver of such time.