Ex parte Charles DOWDEN.

No. 39928.

Court of Criminal Appeals of Texas.

Nov. 23, 1966.

Charles Dowden, pro se.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The relator in a habeas corpus proceedings attacks the validity of his fifty year sentence for robbery by assault.

It is undisputed that on the same day that an attorney was appointed by the trial court to represent the relator Dowden as provided by Art. 494, Vernon's Ann. C.C.P. (now Art. 26.04 C.C.P.), the relator entered a plea of guilty in Cause No. 5676, in the District Court of Orange County, Texas, and the court proceeded to hear and render its decision, and also on that day pronounced sentence against him.

Art. 494, supra, in effect at the time of this conviction, reads in part as follows:

"Whenever it is made known to the court at an arraignment or any other time that an accused charged with a felony is too poor to employ a counsel, the court shall appoint one (1) or more practicing attorneys to defend him.

"The counsel so appointed shall have ten (10) days to prepare for trial, unless such time be waived in writing by said attorneys and the accused."

It is made to appear that no written waiver of the ten days allowed counsel to prepare for trial was executed by the appointed counsel and the accused.

The provisions of Art. 494, supra, are mandatory and applicable to the facts shown by the record in this cause. Ex parte Gudel, Tex.Cr.App., 368 S.W.2d 775.

From the record it is evident that this conviction cannot stand.

The writ is granted and it is ordered that the relator be released from his present custody, and that he be delivered to the custody of the sheriff of Orange County, Texas, to answer the indictment in said Cause No. 5676, in the District Court of Orange County.

*Opinion approved by the Court.*