**Ex parte Earl Edwin AUSTIN.**

**No. 39993.**

Court of Criminal Appeals of Texas.

Jan. 11, 1967.

George W. Renaudin, Houston, for petitioner.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

This is an original habeas corpus proceeding. Petitioner is an inmate of the Department of Corrections, and he attacks three concurrent sentences from Kleberg County on the grounds that on September 23, 1963, when he plead guilty in each of the cases, he was denied the effective assistance of counsel in that his court appointed counsel was not allowed the ten days to prepare for trial required by Article 494, Vernon's Ann.C.C.P., in effect at the time of the entry of his pleas.

From the record before us it is made to appear petitioner was indigent and counsel was appointed on the same day that the pleas of guilty were entered. While no request was made for additional time, the petitioner and his court appointed counsel did not waive in writing the ten days required by Article 494, supra. This Court has held in Ex parte Cooper, Tex.Cr.App., 388 S.W.2d 939, that the terms of Article 494, supra, are mandatory.

The writ of habeas corpus is granted, and petitioner is ordered released from the Department of Corrections and ordered to be delivered to the Sheriff of Kleberg County where he stands charged by indictments in causes 1689, 1690 and 1695 pending in the 105th Judicial District Court of Kleberg County.

It is so ordered.