**Ex parte William Lee MEADOWS.**

**No. 40314.**

Court of Criminal Appeals of Texas.

July 19, 1967.

Rehearing Denied Oct. 11, 1967.

Rois L. Brockman, Woodville, for appellant.

R. A. Richardson, Dist. Atty., Kuntze, Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

OPINION

This is a habeas corpus proceeding in which the petitioner, an inmate of the Texas Department of Corrections, attacks the sentence under which he is so confined.

The application is prison drawn and the petitioner is not represented by counsel.

The conviction is for robbery with punishment assessed by a jury at 50 years. Trial was in the 88th District Court of Tyler County on a plea of guilty before a jury on March 24, 1959.

The sole ground upon which petitioner seeks release from further confinement under the 5 to 50 years sentence is "that counsel was appointed by the court and that *he* did not sign a waiver of the ten (10) days allowed. counsel to prepare for trial (Art. 494 C.C.P., 1925 as amended Acts 1957, p. 322)." His argument is that, because he was tried on the same day that counsel was appointed and sentenced on the following day, he is entitled to relief in view of the recent decisions of this Honorable Court. Ex parte Dowden, Tex.Cr.App., 408 S.W.2d 512; Ex parte Austin, Tex.Cr.App., 410 S.W.2d 439; Ex parte Gudel, Tex.Cr.App., 368 S.W.2d 775; and the provisions of Art. 494, Vernon's Ann.C.C.P. are relied upon.

The facts reflected by the certified copies of the indictment, order appointing attorney for the defendant, docket sheet, judgment

of conviction, waiver of time allowed for filing motion for new trial and sentence, the evidence adduced at a hearing at which appellant testified and was represented by counsel, and the findings, conclusions and the certification of the trial judge, fully sustain the trial court's certification: "It is true and an official fact that defendant's court appointed attorney did not execute and file a waiver as set out in Article No. 494 C.C.P., but under the peculiar facts of this case, how the defendant has been harmed, what injustice was cast upon him, or why the case was not tried fairly and in accordance with defendant's and his attorney's request coupled with no request for additional time by defendant's attorney, is not clear to trial court and is not such omission that should call for relief."

To grant post conviction relief to petitioner because of the violation of a statute which violation did not deprive him of a fair trial or a constitutional right would be to rely upon our previous errors to justify another.

█ It is true that the denial of an accused's right to counsel or the effective aid of counsel renders a conviction void and subject to post conviction attack in the state courts in habeas corpus proceeding under Art. 11.07, formerly Art. 119 C.C.P., as amended in 1943, as well as in the Federal Courts. Ex parte Gudel, 368 S.W.2d 775, supra.

At the time of petitioner's trial (on March 24, 1959) Article 494 C.C.P., as amended in 1957 applied only in capital cases. The statute had not been substantially changed from 1858 to 1957. The portion of said statute which required that counsel be appointed was held to be mandatory. Burden v. State, 70 Tex.Cr.R. 349, 156 S.W. 1196; but the portion which required that counsel shall have at least one day to prepare for trial was held not to be mandatory. Brotherton v. State, 30 Tex.App. 369, 17 S.W. 932; Bradley v. State, 96 Tex.Cr.R. 81, 256 S.W. 292; Spalding v. State, 137 Tex.Cr.R. 329, 127 S.W.2d 457.

In the cases cited the question decided was that on appeal the failure of the trial court to allow one day for preparation is not always reversible error.

In Brotherton v. State, supra, Judge Davidson said:

"The bill does not state that counsel was unprepared to proceed with the trial of the cause. No injury is shown to have occurred to defendant in this matter. This statute is not mandatory, and is only intended to secure time for necessary preparation for an intelligent management of the case, to the end that the party being tried shall have a fair trial."

Since the 1957 and 1959 amendments, this court has said that the provisions of Art. 494 C.C.P., are mandatory, including the portion which at the time of appellant's trial read "counsel so appointed shall have at least ten (10) days to prepare for trial, unless such time be waived in writing by said attorneys." Bennett v. State, Tex.Cr.App., 382 S.W.2d 930.

It does not follow that the failure of appointed counsel to waive in writing the 10 days allowed him to prepare for trial is sufficient grounds for post conviction relief, if it appears that such failure did not result in injury to the defendant such as would deprive him of a fair trial or deny him a constitutional right.

There are many statutes the violation of which, if properly raised, would be ground for a new trial or reversal on appeal but would not be ground for relief in a post conviction proceeding.

There is another reason why petitioner is not entitled to relief.

Petitioner was tried prior to the effective date of the 1959 amendment of Art. 494 C.C.P.

Art. 494 C.C.P., as amended in 1957 then in effect did not require that the 10 days allowed appointed counsel to prepare for trial be waived in writing by the *accused*.

The indictment alleged the capital offense of robbery with firearms but was reduced by proper action on the part of counsel for the state.

Art. 494 as amended in 1957 did not require the appointment of counsel to defend petitioner. His right to counsel was a constitutional, not a statutory right.

 Insofar as they hold or appear to hold that the failure of court appointed counsel, or said counsel and the accused, to waive in writing the 10 days allowed appointed counsel to prepare for trial is ground to set aside an otherwise valid conviction by habeas corpus, or other post conviction or collateral attack, Ex parte Austin, Tex.Cr.App., 410 S.W.2d 439; Ex parte Dowden, Tex.Cr.App., 408 S.W.2d 512; Ex parte Brown, Tex.Cr.App., 404 S.W.2d 590 and Ex parte Cooper, Tex.Cr.App., 388 S.W.2d 939, are overruled.

While not raised by his present application, petitioner's former complaint that his illegally obtained confession was admitted in evidence was dealt with in the hearing before Judge Coe held pursuant to the order of this court and the disputed issues of fact resolved against petitioner. Judge Coe properly concluded that the law at the time the confession was made (January 1959) did not require that the person taking it advise the accused that he was entitled to an attorney.

The petition for writ of habeas corpus is denied.

MORRISON, Judge (dissenting).

Ex parte Austin, Tex.Cr.App., 410 S.W.2d 439; Ex parte Dowden, Tex.Cr. App., 408 S.W.2d 512; Ex parte Brown, Tex.Cr.App., 404 S.W.2d 590 and Ex parte Cooper, Tex.Cr.App., 388 S.W.2d 939, each were attacks upon convictions obtained in contravention of Art. 494, V.A.C.C.P., as amended in 1959 and should not be overruled, because they represent a constitutionally sound effort, in keeping with the intent of the Legislature, to insure that each indigent is represented by effective and prepared counsel.

I respectfully dissent to that portion of the majority opinion which overrules them.