**Ex parte Buddy Joe REECE.**

**No. 40578.**

Court of Criminal Appeals of Texas.

July 26, 1967.

Alfano, Dailey & Pitchford, by Fred H. Dailey, Jr., Houston, Kiibler & Kiibler, by John S. Kiibler, Jr., La Porte, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

This is a habeas corpus proceeding wherein the relator seeks his release from confinement in the Texas Department of Corrections.

The record reflects that on December 28, 1961, the relator was convicted in the 16th Judicial District Court of Cooke County, in Cause No. 15537, of the offense of cattle theft and sentenced to serve not less than two nor more than ten years in the penitentiary. Trial was before the court, a jury being waived, upon relator's plea of guilty.

Relator was represented by the Honorable Shelby Fletcher, an attorney, appointed by the court on the day of trial.

Relator insists that the judgment of conviction is void for two reasons.

It is first insisted that the judgment is void because no written waiver of the ten days allowed to prepare for trial was executed by relator and his court-appointed counsel, as required by Art. 494, Vernon's Ann.C.C.P., which was in effect at the time.

The decisions of this court in Ex parte Austin, Tex.Cr.App., 410 S.W.2d 439, Ex parte Cooper, Tex.Cr.App., 388 S.W.2d 939, and other cases holding the provisions of Art. 494, supra, to be mandatory are relied upon by relator in support of his contention.

In Ex parte Meadows, Tex.Cr.App., 418 S.W.2d 666, this court in passing upon a similar contention, said:

"It does not follow that the failure of appointed counsel to waive in writing the 10 days allowed him to prepare for trial is sufficient grounds for post conviction relief, if it appears that such failure did not result in injury to the defendant such as would deprive him of a fair trial or deny him a constitutional right.

"*    *    *

"Insofar as they hold or appear to hold that the failure of court appointed counsel, or said counsel and the accused, to waive in writing the 10 days allowed appointed counsel to prepare for trial is ground to set aside an otherwise valid conviction by habeas corpus, or other post conviction or collateral attack, Ex parte Austin, Tex.Cr.App., 410 S.W.2d 439; Ex parte Dowden, Tex.Cr.App., 408 S.W.2d 512; Ex parte Brown, Tex. Cr.App., 404 S.W.2d 590; and Ex parte Cooper, Tex.Cr.App., 388 S.W.2d 939, are overruled."

■ In the instant proceeding, relator makes no claim that he was not guilty of the offense charged. He pleaded guilty to the indictment. No injury to relator appears to have resulted from the failure to execute the written ten-day waiver which deprived him of a fair trial or any constitutional right.

■ It is next insisted that the conviction is void because the court-appointed counsel, Shelby Fletcher, was, at the time of his appointment in 1961, the duly elected county judge of Cooke County. In support of such contention, relator refers to the provisions of Art. 494b, V.A.C.C.P., in effect at the time of his trial, which read:

"From and after the effective date of this Act, no elected county official in this State, who is a member of the legal profession and licensed to practice law in this State, shall be appointed by any court to represent any person accused of crime, and said official shall be under no duty to defend any such persons under such appointment unless he chooses to do so. Acts 1951, 52nd Leg., p. 752, ch. 408, sec. 1."

Relator insists that by virtue of his position of county judge his court-appointed attorney, Shelby Fletcher, was—in effect, an arm of the state, and an inherent conflict of interest was raised by virtue of his relationship to relator in opposition to the interest of the state. He also contends a further conflict of interest by reason of the fact that attorney Fletcher, in his capacity as county judge, had committed relator to the custody of the Texas State Youth Development Council in the year 1956. He insists that by reason of such conflict of interest the appointment of attorney Fletcher to represent him constituted a denial of the effective assistance of counsel and the fundamental fairness of due process guaranteed to relator by the Sixth and Fourteenth Amendments to the Constitution of the United States and Art. 1, Sec. 10, of the Constitution of this State, Vernon's Ann. St.

In Williams v. State, 167 Tex.Cr.R. 503, 321 S.W.2d 72, cert. denied, 359 U.S. 930, 79 S.Ct. 615, 3 L.Ed.2d 632, it was held that a lawyer who is county judge is not —under Art. 494b, supra—disqualified from acting as attorney for an accused when he agrees to serve under appointment of a district judge.

We have carefully considered the out-of-state authorities cited by relator, and adhere to our holding in Williams v. State, supra.

We do not agree with the contention that there was a conflict of interest, by virtue of attorney Fletcher's position of county judge and his appointment to represent relator, which would in any manner deny relator a fair trial or due process of law under the Constitution and laws of this State and of the United States. The contention is overruled.

The relief prayed for is denied.