David Sustaita **RUIZ**, Plaintiff-Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Defendant-Appellee.

No. 29097
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 3, 1970.

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F. 2d 409.

David Sustaita Ruiz, pro se.

Crawford C. Martin, Atty. Gen. of Tex., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Robert Darden, Roland Daniel Green, III, Asst. Attys. Gen., Austin, Tex., for defendant-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

PER CURIAM:

This is an appeal by a Texas prisoner, David Sustaita Ruiz, from the denial of his habeas corpus petition on the basis of the state court record, 28 U.S.C. § 2254. We affirm.

In the present proceedings Ruiz attacks the validity of a 1958 Texas conviction for robbery by assault. This conviction was subsequently used to enhance the sentence in another conviction which appellant is presently serving. Ruiz contends that the 1958 conviction is defective because (1) his court-appointed counsel did not render effective assistance; (2) his confession admitted in evidence at the 1958 proceedings was inadmissible; (3) the prosecution failed to present a *prima facie* case of robbery to support his guilty plea as required by state law; and (4) the judgment is void because he did not sign a written waiver of the ten-day period for trial preparation required by the Texas law.

The state court held a full evidentiary hearing on the merits of the appellant's contentions. He was present at the hearing, and was represented by two court-appointed counsel. At the hearing the sheriff, the chief of police, the county attorney who obtained the confession, the prosecuting attorney, the robbery victim, and appellant's former court-appointed counsel testified. Numerous exhibits were admitted, including an affidavit of the judge who accepted the plea and pronounced the sentence of twelve years.

The state court held that the appellant's plea of guilty was freely and voluntarily made; that the confession was admissible under standards then applicable; that defense counsel rendered effective service; and that failure to sign the ten-day waiver did not void the conviction, citing In re Meadows, Tex.Crim. App.1967, 418 S.W.2d 666. Upon review of the state trial court record, the Texas Court of Criminal Appeals also denied habeas corpus relief to appellant Ruiz.

The United States District Court adopted the state court's findings of fact, holding that the appellant received a full and fair hearing there. Townsend v. Sain, 1963, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; 28 U.S.C. § 2254(d). The district court held also that the fact that the written waiver of the ten-day preparation period was not executed does not *per se* rise to a deprivation of due process.

Having carefully examined the extensive record in this case we have found no error in the district court's findings and conclusions. Accordingly, the judgment below must be affirmed.