**James Lyman JACOBS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47103.**

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Kenneth Sanders, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Stu Stewart, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

This is an appeal from a conviction for the offense of robbery by assault; the punishment, enhanced under Article 62, Vernon's Ann.P.C., life.

The sufficiency of the evidence is not challenged. Suffice it to say the three witnesses positively identified appellant as the person who robbed Mrs. Helen McClure of $52.00 at her beauty shop in Houston on July 1, 1971.

Appellant's counsel has filed a brief consisting of one ground of error in which he contends that the prior conviction used for enhancement was invalid because at the time that appellant's probation was revoked

in that cause he was represented by appointed counsel and there was no showing that appellant waived the ten days time in which to prepare for the revocation hearing.

The record reflects that on November 13, 1964, appellant was convicted of the offense of felony theft and given a five year probated sentence. On October 13, 1967, appellant's probation was revoked; however, the trial court reduced the appellant's sentence from five years to three years. The court's docket sheet reflects that under the date October 13, 1967, appears the notation: "James T. Cox, Apt." The order revoking probation dated October 13, 1967, reflects that James T. Cox was appellant's attorney. Thus, appellant contends that his probation revocation was not in compliance with Article 26.04(b), Vernon's Ann.C.C.P., which provides that appointed counsel is entitled to ten days to prepare for trial unless the same is waived in writing signed by such counsel and the accused.

Appellant's contention is without merit for two reasons. First, in Hill v. State, 480 S.W.2d 200 (Tex.Cr.App.1972), cert. denied, 409 U.S. 1078, 93 S.Ct. 694, 34 L.Ed.2d 667 (1972), this Court discussed Article 26.04(b), supra, as it related to probation revocations. There we noted that the plain meaning of Article 42.12, Vernon's Ann.C.C.P. requires that the provisions of Article 26.04(a), Vernon's Ann.C. C.P. be followed when the Court appoints counsel at a probation revocation proceeding. "However, nothing in Article 42.12 purports to incorporate Article 26.04 paragraph (b) which provides for the ten day preparation requirement. To the contrary all such procedure is governed by Sec. 8 of Article 42.12, which does not contain such a provision." Hill v. State, supra at 204. The Court went on to hold that, absent a showing of harm, nothing in Article 42.12, Vernon's Ann.C.C.P., or the United States Constitution required a preparation period of ten days prior to a revocation hearing.

Second, in Ex parte Meadows, 418 S.W. 2d 666 (Tex.Cr.App.1967), this Court in discussing some of its prior cases stated:

"Insofar as they hold or appear to hold that the failure of court appointed counsel, or said counsel and the accused, to waive in writing the 10 days allowed appointed counsel to prepare for trial is ground to set aside an otherwise valid conviction by habeas corpus, or other post conviction or collateral attack, Ex parte Austin, Tex.Cr.App., 410 S.W.2d 439; Ex parte Dowden, Tex.Cr.App., 408 S.W.2d 512; Ex parte Brown, Tex. Cr.App., 404 S.W.2d 590; and Ex parte Cooper, Tex.Cr.App., 388 S.W.2d 939, are overruled."

In Young v. State, 448 S.W.2d 484 (Tex.Cr.App.1970) this Court applied the rule of Ex parte Meadows, supra, to a prior conviction alleged for enhancement. Appellant's ground of error is overruled.

We have examined appellant's pro se briefs and find that the contentions made therein are either not supported by the record or are without merit. These contentions are overruled.

■ The sentence reads that appellant shall be confined " . . . for not less than five years, nor more than life." However, since the punishment was enhanced under Article 62, Vernon's Ann.P. C., the indeterminate sentence is not applicable. The sentence is reformed to read that he shall be confined "for life". Grundstrom v. State, 456 S.W.2d 92 (Tex. Cr.App.1970).

The judgment as reformed is affirmed.

Opinion approved by the Court.

ONION, Presiding Judge (concurring).

I concur in the result reached by the majority in disposing of appellant's contention regarding his prior conviction for the second reason advanced by the majority *only*. See Hill v. State, 480 S.W.2d 200 (Tex.Cr.App.1972) (dissenting opinion).