OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

November 6, 2002

The Honorable Sherry L. Robinson
Waller County Criminal District Attorney
836 Austin Street, Suite 105
Hempstead, Texas 77445

Opinion No. JC-0574

Re: Procedure by which a prosecutor may obtain a waiver from the state of a conflict of interest (RQ-0550-JC)

Dear Ms. Robinson:

You request an attorney general opinion on questions arising when a lawyer who is a county judge wishes to practice law in the courts of his county. The Texas Committee on Professional Ethics (the "Committee"), which issues opinions on matters of professional conduct, has concluded that it is a conflict of interest under Rule 1.06(b)(2) of the Texas Disciplinary Rules of Professional Conduct for a lawyer who is a county judge to represent a private client in any justice of the peace court, statutory county court, or district court in that county. See Tex. Comm. on Prof'l Ethics, Op. 540, 65 TEX. B.J. 458 (2002). See also TEX. GOV'T CODE ANN. §§ 81.091-.095 (Vernon 1998) (statutes governing Committee on Professional Ethics). The conflict of interest extends to all lawyers associated with a private law firm in which the county judge practices. See Tex. Comm. on Prof'l Ethics, Op. 540, 65 TEX. B.J. 458 (2002). The county judge and lawyers associated with his firm may accept or continue such representation only upon receiving the consent of the private client and the county to the representation after full disclosure of the conflict. Id. at 3.

You ask the following two questions:

Is it possible for a county judge to obtain a waiver of conflict of interest from the county, and if so, what is the mechanism for obtaining the waiver?

Is it possible for the prosecutors representing the State of Texas to obtain a waiver from the State, and if so, what is the mechanism for obtaining the waiver?[1]

We find no statute authorizing the county judge to obtain a waiver of a rule 1.06(b) conflict of interest from the commissioners court on behalf of the county. The validity of the judicial

---

[1]Letter from Honorable Sherry L. Robinson, Waller County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General, at 1 (May 9, 2002) (on file with Opinion Committee).

proceeding will not, however, be affected if the county judge represents an individual in a court of his county without the consent of the commissioners court. In view of our answer to your first question, we need not answer your second question.

Your question is based on Committee on Professional Ethics Opinion 540, in which the Committee addressed the ethical issues arising when a county judge who was an attorney represented clients in the courts of his county and concluded that the county judge's responsibilities to the county conflicted with his responsibilities toward his client. *See* Tex. Comm. on Prof'l Ethics, Op. 540, 65 TEX. B.J. 458 (2002). The Committee relied on Attorney General Opinion JC-0033 for its discussion of the legal issues raised by these circumstances. *See* Tex. Att'y Gen. Op. No. JC-0033 (1999); *see also* Tex. Att'y Gen. LO-94-055, at 2 (concluding that the ethical issues involved fact questions and were beyond the scope of an attorney general opinion). We will summarize Attorney General Opinion JC-0033 to provide the legal context for your question.

Attorney General Opinion JC-0033 concluded that the practice of law by the county judge in the courts of his own county was subject to the limits found in section 82.064(b) of the Government Code. *See* Tex. Att'y Gen. Op. No. JC-0033 (1999). *See also* Tex. Att'y Gen. LO-94-055 (1994) (considering whether county commissioner may accept court appointments to represent indigent defendants in courts of county). Section 82.064(b) states as follows:

> A county judge or county clerk who is licensed to practice law may not appear and practice as an attorney at law in any county or justice court except in cases over which the court in which the judge or clerk serves has neither original nor appellate jurisdiction.

TEX. GOV'T CODE ANN. § 82.064(b) (Vernon 1998).

Historically, this provision and its predecessors were held to be the only limit on the courts in which a county judge could practice law. Judicial decisions and other authorities determined that the county judge had a right to practice law in any court, including courts in his county, except for those described in the statute above. *See Shoope v. State*, 38 S.W.2d 793 (Tex. Crim. App. 1930); *Clarich v. State*, 129 S.W.2d 291 (Tex. Crim. App. 1939) (county judge assisting in criminal prosecution in district court of his county). *See also* Tex. Att'y Gen. Op. No. O-6946 (1945) at 2 (county judge may practice law in any county or justice court in the state, except where court over which he presides has original or appellate jurisdiction); Tex. Comm. Prof'l Ethics, Ops. 220 (1959), 13 (1948) (no canon of ethics addresses question about courts in which a county judge may practice) (*available at* http://www.txethics.org/reference_opinions.asp) (last visited Sept. 12, 2002).

In addition to relying on section 82.064(b) of the Government Code and the authorities that had construed it, Attorney General Opinion JC-0033 discussed the effect of Texas Code of Criminal Procedure article 26.06, which provides as follows:

> No court may appoint an elected county, district or state official to represent a person accused of crime, unless the official has

notified the court of his availability for appointment. If an official has notified the court of his availability and is appointed as counsel, he may decline the appointment if he determines that it is in the best interest of his office to do so.

TEX. CODE CRIM. PROC. ANN. art. 26.06 (Vernon 1989). The opinion pointed out that Rule 1.06(b)(2) might prevent the county judge from taking particular cases under court appointment, but that this question could not be resolved in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. JC-0033 (1999) at 5; Tex. Att'y Gen. LO-94-055, at 2.

We turn to Committee on Professional Ethics Opinion 540, in which the Committee considered Rule 1.06(b)(2) as it applied to a county judge's practice of law in the courts of his or her county. *See* Tex. Comm. on Prof'l Ethics, Op. 540, 65 TEX. B.J. 458 (2002). Rule 1.06, which was adopted in 1990, states in part:

> (a) A lawyer shall not represent opposing parties to the same litigation.

> (b) In other situations and except to the extent permitted by paragraph (c), a lawyer shall not represent a person if the representation of that person:

>> (1) involves a substantially related matter in which that person's interests are materially and directly adverse to the interests of another client of the lawyer or the lawyer's firm; or

>> (2) reasonably appears to be or become adversely limited by the lawyer's or law firm's responsibilities to another client or to a third person or by the lawyer's or law firm's own interests.

> (c) A lawyer may represent a client in the circumstances described in (b) if:

>> (1) the lawyer reasonably believes the representation of each client will not be materially affected; and

>> (2) each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible

> adverse consequences of the common representation
> and the advantages involved, if any.
>
>     . . . .

TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(a)-(c), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9).

Committee on Professional Ethics Opinion 540 relied on an earlier opinion of the Committee, Opinion 530, in which it determined that a county commissioner who is an attorney would violate Rule 1.06(b)(2) by representing a client in any justice court, statutory county court, or district court of his county, absent consent by all affected or potentially affected clients as required by Rule 1.06(c). The county commissioners court has "budgetary authority and personnel approval authority" over those courts and their personnel, which results in a conflict between the commissioner's responsibility to protect the county's interest and, in the capacity of attorney, to protect the client's interest. Tex. Comm. on Prof'l Ethics, Op. 530, 62 TEX. B.J. 904 (1999). There is also a "perception of control over the various courts" likely to be apparent to the public and the judges, resulting in a perceived influence of the county commissioners over the courts. *Id.* at 2.

In Opinion 540, the Committee determined, for the reasons expressed in Opinion 530, that a county judge

> has a conflict of interest in representing private clients in the justice
> of the peace, statutory county, and district courts of the county in
> which he serves as county judge. The conflict exists because the
> lawyer is adversely limited in his representation as a result of his
> responsibilities to the county, his responsibilities to the private client,
> and by his personal interests as both lawyer and public official.
> Neither the county judge nor any lawyers associated with him or her
> can accept or continue such representation unless the conditions of
> Rule 1.06(c) are met.

Tex. Comm. on Prof'l Ethics, Op. 540, 65 TEX. B.J. 458 (2002).

For the conditions of Rule 1.06(c) to be met, (1) the county judge must reasonably believe that "the representation of each client will not be materially affected" and (2) "each affected or potentially affected client consents to such representation after full disclosure of the existence, nature, implications, and possible adverse consequences of the common representation and the advantages involved, if any." TEX. DISCIPLINARY R. PROF'L CONDUCT 1.06(c), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9). Thus, the county judge would have to seek consent from his client and from the county, the third party to which the county judge has responsibilities. The Committee expressed no opinion on whether the county may consent to such conflict of interest, "since the issue of consent by a governmental entity

involves questions of law beyond the jurisdiction of this Committee." Tex. Comm. on Prof'l Ethics, Op. 540, 65 TEX. B.J. 458 (2002). *See* TEX. GOV'T CODE ANN. § 81.092 (Vernon 1998).

We have found no statute that would authorize the commissioners court to consent to the county judge's practicing law in the county's courts. It is a serious matter for a governmental body to agree that one of its members may pursue a private interest that is adverse to it, and we would expect the legislature to address this matter expressly. Numerous statutes make some other action of a county officer contingent on the consent of the commissioners court. *See e.g.,* TEX. GOV'T CODE ANN. § 41.001 (Vernon 1988) (district or county attorney, at discretion of commissioners court, may conduct private practice of law using office provided by county for his or her official duties); TEX. HUM. RES. CODE ANN. § 142.002(a) (Vernon 2001) (juvenile board, with advice and consent of commissioners court, may employ probation officers and other personnel); TEX. LOC. GOV'T CODE ANN. § 270.002 (Vernon 1999) (if property is sold in execution of a judgment in favor of a county, the attorney or agency representing county, with advice and consent of commissioners court, may purchase and dispose of property for county). Absent such express authority, we conclude that the commissioners court may not provide the consent required by Rule 1.06(c)(2).

Our answer is not inconsistent with section 82.064(b) of the Government Code because that provision does not state that the county judge is entitled to handle cases in any court as long as the court in which he or she serves has neither original nor appellate jurisdiction over the case. Nor is it inconsistent with article 26.06 of the Code of Criminal Procedure, again because this provision does not entitle the county judge to represent indigent defendants in the courts of his county.

However, a judge has the power and the duty to disqualify counsel when representation of the client is prohibited by the rules of professional conduct. *See Ayres v. Canales,* 790 S.W.2d 554, 557 n.2 (Tex. 1990) (disapproving *Borden, Inc. v. Wallace,* 570 S.W.2d 445 (Tex. Civ. App.–El Paso 1978, writ dism'd w.o.j.) to the extent that it held that decision as to attorney's conflict of interest is for the State Bar Grievance Committee and not the district court). *See also* TEX. GOV'T CODE ANN. § 81.092(c) (Vernon 1998) (opinions of Committee on Professional Ethics are not binding on the Texas Supreme Court). Thus, the question of whether the county judge is disqualified for conflict of interest may be raised before the trial court.

If the county judge represents an individual in a court of his county without the consent of the commissioners court, the validity of the judicial proceeding will not be affected. *See Ex parte Reece,* 417 S.W.2d 587, 588 (Tex. Crim. App. 1967), *Williams v. State,* 321 S.W.2d 72, 75 (Tex. Crim. App. 1958), *cert. denied,* 359 U.S. 930 (1959) (lawyer who is a county judge is not disqualified under the predecessor of Code of Criminal Procedure article 26.06 from acting as attorney for accused when he agrees to serve under appointment of a district judge). Rule 1.06 applies to the county judge in his individual capacity as an attorney. He may be disciplined for violating it, but a violation does not necessarily render invalid a judicial proceeding in which he participated. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT. 8.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9).

You also ask whether it is possible for prosecutors representing the State of Texas to obtain a waiver from the state, and if so, what mechanism might be available for obtaining the waiver. You are concerned about a possible Rule 1.06 conflict of interest involving the prosecutor if the county judge appears for the defense in a criminal case in a court of the county. We note that the Committee on Professional Ethics has not directly addressed this question. *See* Tex. Comm. on Prof'l Ethics, Op. 539, at 4, 65 TEX. B.J. 368 (2002) (discussing conflict of interest issues if an attorney were to represent a defendant in a criminal case in a county which the lawyer's spouse serves as assistant district attorney); Tex. Comm. on Prof'l Ethics, Op. 530, 62 TEX. B.J. 904 (1999) (if county commissioner were to represent a client in a criminal matter, prosecutor must consider how this conflict affects their governmental entity client). Moreover, legal issues about the prosecutor's authority and duty to represent the state are relevant to the conflict of interest question. *See* TEX. CONST. art V, § 21 (county attorneys shall represent state in all cases in the district and inferior courts in their respective counties, but if county is in a district where there is a district attorney, legislature shall regulate respective duties of district and county attorney); TEX. CODE CRIM. PROC. ANN. arts. 2.01-.02 (Vernon Supp. 2002).

We need not determine whether you correctly assume that the prosecutor would be "adversely limited" by his or her own interests if the county judge were to represent a defendant in a criminal prosecution in the county because your second question has become largely hypothetical in view of our answer to your first question. We have found no mechanism whereby the county might consent to the county judge's representation of a client in the courts of the county, and, accordingly, the circumstances you inquire about should not arise.

## S U M M A R Y

No statute authorizes a county judge to obtain a waiver from the commissioners court on behalf of the county of a conflict of interest under Rule 1.06(b) of the Texas Disciplinary Rules of Professional Conduct.  The validity of a judicial proceeding will not be affected if the county judge represents an individual in a court of his or her county without the consent of the commissioners court.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee